RICHARD S. BLACKBURN, ADM'R OF D. CRAWFORD, *vs.* WASH-
INGTON J. BEALL, EX'R OF WILLIAM Z. BEALL.

PLEADING: SCIRE FACIAS: DEMURRER: RELEASE, AND PAYMENT, are good
pleas to a *scire facias* on judgment. If the facts specially pleaded by the
defendant do not bring these pleas within the legal description of their re-
spective classes, the plaintiff should demur. By replying and joining issue
he admits their sufficiency in law.

EVIDENCE: PRACTICE.—Where evidence is introduced accompanied by the
assurance of counsel, that it would be followed up by proof of other cir-
cumstances and facts material and competent, with which it would have
an important connection, such assurance renders its admission proper. If
however it should turn out that this assurance is not fulfilled, it will be
the duty of the Court, *upon application of the opposing counsel,* to direct the
jury not to regard it.

Testimony that would be admissible under a formal plea of payment accord-
ing to the old rules of pleading, must be admissible upon an informal plea
of payment, under the *Code*, the object of which was to prevent a too
technical nicety in pleading and practice.

SCIRE FACIAS: PLEADING,—PAYMENT: EVIDENCE: JURY, PROVINCE OF.—Where
on *scire facias* to revive a judgment, brought by the adm'r of the original plain-
tiff, a plea of payment and a paper or receipt offered in evidence to support
the plea, described or referred only to a judgment in favor of the original
plaintiff against the person of whom the defendant in the judgment was
the adm'r; and the judgment so claimed to be paid, and offered in evidence
by the defendant, was a judgment against *the adm'r* of the person named
in the receipt and pleas. HELD:

That whether the judgment referred to in the receipt, and purporting to be
thereby released, was the judgment described in the record and proceed-
ings offered in evidence, and rendered for the same debt or cause of action
as the debt on which the *scire facias* was issued, was a question for the jury.

EVIDENCE: WITNESS—CROSS-EXAMINATION OF: FRAUD.—Great as is the lati-
tude allowed on cross-examination, it does not extend so far as to make
testimony, otherwise incompetent, admissible, unless the opposite party by
his course of examination has warranted it.

Where the defendant offered in evidence a receipt purporting to be signed
by the plaintiff's intestate, and the plaintiff, on the cross-examination of
defendant's witness, offered to question him as to certain characteristics
of his said intestate, accompanying the proposed examination with a decla-
ration that, for the purpose of impeaching the genuineness of the signature
of said intestate, and of showing the same to be a forgery; he would show
that shortly before the date of the writing purporting to be a receipt, the
said intestate was pressing the collection of the judgment of which said
receipt was claimed to be a release. HELD:

That such examination was inadmissible:

1st. Because no evidence had been offered by the defendant relative to the characteristics nor conduct of the plaintiff's intestate by the witness under examination, or any other witness, to justify the introduction of evidence of the character or conduct of said intestate.

2ndly. Because the evidence proposed to be offered, conflicted with a cardinal maxim of the law, which prohibits a party's acts or declarations to be given in evidence in his own cause. And the intimation that the object of the testimony was to establish forgery or fraud, does not take the case out of the reason of the rule; but on the contrary, the higher the crime, or deeper the fraud sought to be established, the more stringently the rules of evidence should be enforced.

HELD also: That the authorities which sanction the admission of facts however slight, which tend to prove the issue of fraud, contemplate that the facts should proceed from disinterested and competent sources, and be proved by witnesses above all legal exception.

PRAYERS AND INSTRUCTIONS TO THE JURY, AND THEIR MODIFICATION.— There are two classes of prayers or instructions referred to in the books, which are not to be confounded with each other. One, where it is sought to obtain the instruction of the jury upon the legal effect of a particular instrument, as a *mittimus*, or a particular fact, as a notice, or want of notice, or it may be of a combination of facts [the instrument or facts being proved or agreed upon] in which the party desiring the instruction, may sever them from the mass and submit them to the Court, taking care to deduce the proper legal conclusion from the premises. In such case the opposite party has no right to modify or change, because both the facts and the law are right. On the other hand there is a class in which all that is offered in evidence on either side, must constitute the basis of the prayer, if the party asking it seeks to establish a legal proposition conflicting with his adversary's proposition depending on the proof of the same facts.

The Court may modify an instruction which contains an illegal proposition, although the modification be suggested by the counsel opposed to the error.

The fact that an instruction asked for is subject to an erroneous construction, is sufficient to justify the Court in rejecting it, and adopting a modification which will remove the objection, instead of simply rejecting it in the form in which it is presented.

A prayer requiring the Court to instruct the jury "that if they find from the evidence, [*the said release not being under seal,*] that before or at the time of the date of the release, the said D. C. received no valuable consideration from the said C. D. or services of value from him, they may find the said release to be fraudulent," is calculated to mislead the jury, the words, "not being under seal," being used to negative the presumption of consideration, of which the release setting forth a consideration is *prima facie* evidence. There being no evidence to rebut the *prima facie* proof of con-

210 MARYLAND REPORTS.

Crawfurd's Adm'r vs. Beall's Exc'r.

sideration, the prayer had no evidence to support it, and was properly rejected.

SCIRE FACIAS: PLEADING: EVIDENCE.—Where, to *scire facias* on judgment, the defendant relied upon a receipt not under seal, purporting to be a release—not by a technical plea of release, but by special pleas in bar, based upon the terms of said receipt, which was "*for value received and services rendered*," on which the plaintiff joined issue; HELD:

That the said receipt was properly admissible in evidence under the issues joined, although the same, not being under seal, would have been inadmissible under a technical plea of release.

DISCHARGE: PRINCIPAL AND SURETY.—If the principal debtor is discharged the sureties or co-obligors are discharged also, and it is immaterial *by whom* the debt is so discharged.

APPEAL from the Circuit Court for Prince George's County :

The appellant's intestate, David Crawfurd, in his life time, brought suit against Charles Digges, William Z. Beall and Norah Digges, upon their single bill in his favor, and passed to him by them. Pending the suit, William Z. Beall, died, and Washington J. Beall (the appellee) was made a party defendant as his executor, and judgments were obtained against him as such executor, and also against the said Charles Digges and Norah Digges. Crawfurd, the plaintiff in the judgments, died, and administration upon his estate was granted to the appellant, who issued writs of *scire facias* on each judgment. To the *scire facias* against him the appellee pleaded:

1st. That the judgment recited in the said *scire facias* was rendered on the joint and several bond of one Charles Digges, Norah Digges and the said William Z. Beall, now deceased, and that at November term 1858, of the Circuit Court for the said county, a judgment in the same cause of action was also rendered against the said Charles and Norah, in favor of the said David Crawfurd, and that after the rendition of the said judgments, to wit: on the seventeenth day of November, in the year one thousand eight hundred and fifty-nine, at the county aforesaid, the said David Crawfurd, the plaintiff's intestate, by his paper writ-

ing signed by him, and then and there delivered to the said Charles Digges, released the said Charles Digges, the principal in the said bond or debt, from the payment of the judgment against him, including the debt, interest and costs aforesaid, and the said defendant avers that Norah Digges and the said William Z. Beall were also thereby discharged from the payment of the said judgment.

2nd. That the judgment recited in the said *scire facias* was rendered on the joint and several bond of one Charles Digges, Norah Digges and the said William Z. Beall, now deceased, and that at November term 1858, of the Circuit Court for the said county, a judgment on the same cause of action was also rendered against the said Charles Digges and Norah Digges, in favor of the said David Crawfurd, and that after the rendition of the said judgments, to wit: on the 17th day of November 1859, at the county aforesaid, the said David Crawfurd, the plaintiff's intestate, by his paper writing signed by him, and then and there delivered to the said Charles Digges, released the said Charles, Norah and William Z. from the payment of the said judgments, for the debt, interest and costs aforesaid.

3rd. That after the said judgments recited in the plea last aforesaid were rendered, and before the issuing of the *scire facias* in this case, the said Charles Digges, the principal alleged in the said mentioned debt, paid and satisfied the plaintiff's said judgments by the rendition of certain services and other valuable considerations, before that time received by the said David Crawfurd from the said Charles Digges.

4th. That before the issuing of the *scire facias* in this case, the said Charles Digges, the principal obligor in the said judgments mentioned, paid and discharged the plaintiff's claim on said judgment recited in the *scire facias* aforesaid.

5th. That the judgment recited in the said *scire facias*, was rendered on the joint and several bond of one Charles Digges, Norah Digges and the said William Z. Beall, now

deceased, and that at November term 1858, of the Circuit Court for the said county, a judgment on the same cause of action was also rendered against the said Charles and Norah, in favor of the said David Crawfurd, and that after the rendition of the said judgments, on the seventeenth day of November 1859, at the county aforesaid, the said David Crawfurd, the plaintiff's intestate, by his paper writing signed by him, and then and there delivered to the said Charles, Norah and William Z. Beall, from the payment of the judgments against them, for the debt, interest and cost aforesaid, released the said Charles, Norah and William Z. Beall.

The plaintiff joined issue on these pleas, and the cause proceeded to trial

*1st. Exception.* The plaintiff offered in evidence the original judgment recited in the *sci. fa.*, and there rested his case. The defendant then offered the following paper: "Prince George's County, Nov'r 17th, 1859. For value received and services rendered, I hereby release Mr. Charles Digges from the payment of the judgment I hold against him, (debt, interest and cost,) the late William Z. Beall and Mrs. Norah Digges, in the Circuit Court of Prince George's County,—*D. Crawfurd;*"—accompanying the said offer by a declaration, that in connection with said prayer, he would shew by the records of the Court, that William Z. Beall was but a surety for Charles Digges, in the original single bill on which this judgment was rendered. The plaintiff objected to the said paper as competent and legal evidence under the issues joined on the pleas filed, but the Court (BRENT, J.,) overruled the objection, and permitted the paper to go to the jury, if proved to be in the hand writing of said Crawfurd, as competent under the issues. The plaintiff excepted.

*2nd Exception.* The defendant then offered the proceedings of the original judgment against Charles and Norah Digges, his counsel stating at the time, that this evidence was intended to shew that the judgment, to revive which

Crawfurd's Adm'r *vs.* Beall's Exc'r.

this *scire facias* was issued, and the said judgment against Charles and Norah Digges, were recovered and rendered for the same debt, on the same joint and several single bills to the plaintiff's intestate, of which the said Charles, Norah and the defendant's testator were makers. The plaintiff's counsel objected to the admissibility of said evidence, and the evidence being admitted he excepted.

*3rd Exception.* The defendant offered evidence by several witnesses, that the paper set out in the first exception was signed by D. Crawfurd, the body being admitted to be in the hand writing of Charles Digges, and the plaintiff, "for the purpose of impeaching the genuineness of said signature, and of showing *that the same was a forgery,* offered to prove by a witness, on cross-examination for the defendant, that the said D. Crawfurd was, in his general habits of business, a close, exacting and penurious man; accompanied with a declaration by plaintiff's counsel, that he would follow up said evidence by evidence tending to show that shortly before the date of said writing, the said D. Crawfurd was pressing the collection of the said judgment mentioned in said paper by execution then in the hands of the sheriff, and by instructions to his attorney, and offered to loan the same when collected to another gentleman, who about that time made application for a loan from said Crawfurd." The Court refused to permit the plaintiff to offer such proof to the jury, and he excepted.

*4th Exception.* The plaintiff offered evidence to the jury of the rendition of the original judgment on which the present *sci. fa.* issued, as set forth in the preceding bills of exceptions; and also proved by competent testimony that the signature to the paper dated November 17th, 1859, was not in the genuine hand writing of the said David Crawfurd, (the defendant having previously offered evidence to shew that said paper was signed by said D. Crawfurd;) and the plaintiff also proved by several witnesses, that they were well acquainted with D. Crawfurd and Chas. Digges, and that they knew of no services rendered

by Charles Digges to Crawfurd, nor of any money paid, either at or before the date of said paper.

And thereupon the plaintiff, by his counsel, upon the whole evidence in the cause, offered the following prayers to the Court:

1st. If the jury find from the evidence in the cause, that the signature to the paper release of the 17th November 1859, is not in the genuine hand writing of David Crawfurd, or placed thereto by his authority, they must find for the plaintiff upon the issues joined.

2nd. Although the jury may find from the evidence in the cause, that the name of David Crawfurd, attached to the paper purporting to be a release, is in the hand writing of David Crawfurd, their verdict must be for the plaintiff; unless they further find, from the evidence in the cause, that at or before the date of said release, which is not under seal, the said David had actually received full satisfaction and payment of the judgment referred to in said release from said Charles Digges, in the manner expressed therein.

3rd. Although the jury may find from the evidence, that the signature of David Crawfurd to said release was signed by said David Crawfurd, their verdict must be for the plaintiff, unless they shall further find from the evidence in the cause (the said release not being under seal) that the said David Crawfurd before or at the time of the execution of the same, actually received from said Charles Digges valuable consideration and the rendition of services in full satisfaction and payment of the judgment referred to in said release.

4th. Unless the jury shall find from the evidence in the cause, that the said Charles Digges, at or before the date of said release, rendered services of value to the said David, in satisfaction or payment of said judgment, their verdict must be for the plaintiff, although they may find from the evidence that the signature of said David Crawfurd is

in his proper hand writing, the said release not being under seal.

5th. Although the jury may find from the evidence in the cause, that the signature of David Crawfurd to said release is in the proper hand writing of said David Crawfurd, and yet if they shall further find from the evidence in the cause, the said release not being under seal, that before or at the time of the date of said release the said David received no valuable consideration from the said Charles Digges, nor the rendition of services of value from him, they may find the said receipt to be fraudulent, and if so, their verdict must be for the plaintiff.

6th. That the payment of a sum of money less than the amount due, does not operate in law as a discharge or extinguishment of the debt due, unless a release under seal is produced and relied on by the debtor, and in this cause the paper writing dated 17th November 1859, purporting to be a release, not being under seal, is no bar to the plaintiff's right of recovery under the issues joined on the 1st, 2nd and 5th pleas in this cause.

7th. That under the pleadings in the cause, and the issues joined on the 2nd and 3rd pleas, the plaintiff is entitled to recover, unless the jury shall find from the evidence in the cause, that the judgment recited in the said *scire facias* in this cause was paid by the defendant's testator, or some other of the defendants to the said judgment.

8th. That the rendition of services by Charles Digges to the plaintiff's intestate, if believed by the jury to have been rendered, is no defence to the *scire facias* in this case, whether rendered before or after the rendition of the said judgment, unless the jury shall find that a release of said judgment, under seal, was executed by the plaintiff's testator to the defendant, or some one of the defendants to the said judgments, and that the paper writing dated 17th November 1859, offered in evidence by the defendant, is no release in law of said judgment.

The Court granted the plaintiff's first prayer, and also the second, third and fourth prayers of the plaintiff, with the following qualification: "But if the jury find that the judgment on which the *sci. fa.* in this cause issued, and the judgment of said Crawfurd against Charles Digges and Norah Digges, offered in evidence, were obtained and entered for the same debt, on a joint and several single bill, of which the said Charles, Norah, and the said Wm. Z. Beall were makers, then the said paper dated November 17th, 1859, if believed by the jury to be genuine, is *prima facie* evidence that said D. Crawfurd had received satisfaction of said judgments, before the impetration of the *sci. fa.* in this cause, as set forth in said paper." And refused to grant the fifth, sixth, seventh and eighth prayers of the plaintiff. To the granting of the second, third and fourth, with the qualification aforesaid, and to the refusal of the Court to grant the fifth, sixth, seventh and eighth prayers of the plaintiff, the plaintiff's counsel excepted.

*5th Exception.* After the evidence contained in the preceding bills of exceptions was offered to the jury, and whilst the prayers of the plaintiff were before the Court, the defendant, by his counsel, on the whole evidence in the cause, prayed the Court to grant the following prayers:

*Defendant's Prayers.*—1st. That there is no evidence in the cause legally sufficient to authorize the jury to find that no valuable considerations nor services were rendered by said Charles Digges to said David Crawfurd, as mentioned in the paper of 17th November 1859.

2nd. If the jury believe, from the evidence, that the judgment on which the writ of *scire facias* in this cause was issued, and the judgment offered in evidence, and wherein David Crawfurd is plaintiff and Charles Digges and Norah Digges are defendants, were obtained for the same debt, on a joint and several single bill, and that the said Charles and Norah Digges, and William Z. Beall, the defendant's testator, were the makers thereof; and if they further find that the said paper bearing date the 17th No-

vember 1859, was signed by the said David Crawfurd, then the said paper operates to discharge the defendant's testator from the payment of the said debt and judgment against him, and they must find for the defendant.

3rd. If the jury find the facts stated in the defendant's second prayer, then the said paper of 17th November 1859, if found by the jury to be genuine, is *prima facie* evidence of the satisfaction of the said judgments before the writ of scire facias in this cause was issued, as set forth in the said paper.

The Court granted the second and third of said prayers, and refused to grant the first, and so instructed the jury. To the granting of which prayers the plaintiff excepted.

*6th Exception.* The plaintiff, further to maintain the issues on his part joined, offered to prove by a competent witness, in connection with the evidence offered in the preceding bills of exceptions, for the purpose of impeaching the said paper writing dated 17th November 1859, referred to therein, that about the last of October 1859, before the death of the defendant's testator, who died 5th December 1859, the witness called on and applied to the said David Crawfurd for a loan of money, on which occasion the said David Crawfurd said to witness that he expected shortly to receive a sum of money from the said Charles, which he had loaned to him, and for which he had obtained judgment, and had issued an execution for, which was then in the sheriff's hands, that as soon as he should receive the same, he would loan him the money he desired to have.

But the Court refused to permit the said declarations of D. Crawfurd to go to the jury; to which refusal of the Court the plaintiff excepted. The verdict being in favor of the defendant on all five pleas, the plaintiff appealed.

The cause was argued before Bowie, C. J., and Goldsborough, and Cochran, J.

28    v. 21

*A. B. Hagner* and *Frank H. Stockett*, for appellants:

I. The paper writing set forth in the 1st bill of exceptions, certainly was not admissible as a *release*, not being under seal. 1 *Bouvier Com.*, 306. *Co. Lit.*, 264, *b.* *Pulling on Merc. Acct.*, 18. 57 *Law Lib. Saund. Pl. & Ev.*, 758. 2 *Ev. Harris*, 44. It was not competent evidence therefore under the 1st, 2nd and 5th issues. Besides, those pleas all aver a release and discharge of Wm. Z. Beall, who was dead before the execution of the paper of the 17th Nov'r 1859, and the writing could therefore be no evidence of a release to him. The rules in regard to the plea of a release have always been very strict. *Plowden*, 46, *a.* *Fowell vs. Forrest*, 2 *Saund. Rep.*, 47, *dd.* *Turbil's Case*, 1 *Id.*, 67, *a.* 1 *Ch. Pl.*, 485. And the Act of 1856, ch. 112, sec. 57, which was in force when this *sci. fa.* was issued, preserves the old forms in effect.

Was the paper admissible under the 3rd and 4th pleas? Neither of these are proper pleas of payment, &c., which should aver payment by the defendant. But the paper shows that the plaintiff never had a claim until after the death of its alleged execution; and that the judgment said to be released by the paper writing was one against Wm. Z. Beall, and not that recited in the *sci. fa.*, which was against Washington Beall, as executor. The plea of payment to a *scire facias*, must be of actual payment of the whole judgment, and the proof offered must conform to it. 1 *Chitty's Pl.*, 485. *Hughes vs. O'Donnell*, 2 *H. & J.*, 324. *Gist vs. M'Guire*, 4 *H. & J.*, 9. *Snowden, et al., vs. Thomas, et ux., Id.*, 335. *Booth vs. Campbell*, 15 *Md. Rep.*, 569. The 3rd plea is not of payment in money, and no evidence is admissible in an action on *scire facias* of a discharge by way of accord and satisfaction, nor is this a proper plea to a *sci. fa.* *Peploe vs. Galliers*, 4 *Moore*, 165. 16 *Eng. C. L. Rep.*, 371. *Geiser vs. Kershner*, 4 *G. & J.*, 305. *Hardey vs. Coe*, 5 *Gill*, 189. *Jones vs. Ricketts*, 7 *Md. Rep.*, 108. *Campbell vs. Booth*, 8 *Md. Rep.*, 107.

II. *2nd Exception.* As the pleas and the paper writing referred only to a judgment of Crawfurd against William Z. Beall, the record of a judgment against Washington Beall did not sustain the pleas nor agree with the supposed release, and was therefore irrelevant.

III. *3rd Exception.* When fraud is the subject of inquiry, the Courts will admit evidence of facts, no matter how slight, bearing at all upon the point at issue, if not wholly irrelevant. *Davis vs. Calvert,* 5 *G. & J.,* 269. *Whiteford vs. Burkmyer,* 1 *Gill,* 129. *Thompson vs. Banks,* 2 *Md. Ch. Dec.,* 430. *Robbinett vs. Wilson,* 8 *Gill,* 179, 181. *Shepperd vs. Bevin,* 9 *Gill,* 32, 36. *Jones vs. Ricketts,* 7 *Md. Rep.,* 108. *Snowden, et al., vs. Thomas, et ux.,* 4 *H. & J.,* 335. *Farrell vs. Bean,* 10 *Md. Rep.,* 217. *Fishback vs. Woodford,* 1 *J. J. Marshall,* 86. *Errnigton vs. Harper,* 3 *Id.,* 355. *Ratcliffe vs. Allison,* 3 *Randolph,* 537. *Land vs. Jeffries,* 3 *Id.,* 211. And unless the evidence offered be of so slight and inconclusive a character that no rational mind could draw from it the conclusion desired, it should be allowed to go to the jury to be weighed by them. *Davis, et al., vs. Barney,* 2 *G. & J.,* 382. *Cole vs. Hebb,* 7 *G. & J.,* 20.

IV. *4th Exception.* The Court erred in amending the plaintiff's 2nd, 3rd and 4th prayers:

Because he had a right to have the opinion of the Court below upon the propositions submitted by him, as submitted, and to have the decision upon these propositions reviewed by this Court. *Whiteford vs. Burkmyer,* 1 *Gill,* 127. *Wells, et al., vs. Turner,* 16 *Md. Rep.,* 142. *Williams vs. Wood, Bridges & Co.,* 16 *Md. Rep.,* 220, 254. *Birney vs. Telegraph Co.,* 18 *Md. Rep.,* 341.

V. The plaintiff's 2nd prayer as offered, requires the jury to find that Crawfurd had actually received full satisfaction and payment of the judgment referred to in the alleged release, in the manner expressed therein. That nothing less than full satisfaction in discharge of the debt so as to extinguish it, would be effectual, is clear upon the

authorities; and as the jury would naturally conclude that the contrary was the case from the phraseology of the release, it was proper that the Court should instruct them as required. *Fitch vs. Sutton*, 5 *East.*, 231. *Waters vs. Smith*, 2 *Barn. & Adol.*, 889. *Field vs. Robins*, 8 *Adol. & Ell.*, 90.

VI. The plaintiff's prayer required the jury to find that Crawfurd actually received from Charles Digges valuable consideration and the rendition of services, in full satisfaction and payment of the judgment referred to in the release. If Crawfurd did not actually receive valuable consideration and the rendition of services in full satisfaction and payment of the judgment, the defendant was certainly not entitled to the verdict, and this was all the prayer asked the Court to say to the jury. There was evidence in the case from which the jury might well find that such was not the case.

VII. The plaintiff's 4th prayer required the jury to find that Digges had rendered services of value to Crawfurd, in payment or satisfaction of the judgment. As the rendition of services was part of the consideration expressed in the paper writing, it was requisite that the jury should believe they were rendered and were received to satisfy the judgment. The whole evidence was to be considered by the jury, under each of these prayers. But if the prayers had only embraced a part of the testimony, the plaintiff had the right to segregate any portion of the facts from the whole body, and ask the instruction of the Court on them. *Day vs. Day*, 4 *Md. Rep.*, 269. *Ellicott vs. Peterson*, 9 *Id.*, 60.

VIII. The defendant's "modification" of the plaintiff's prayers required the Court to instruct the jury, that the paper writing was *prima facie* evidence that Crawfurd had received satisfaction of the judgment against Charles and Norah Digges, as well as that against Washington Beall; whereas the paper writing only speaks of one judgment, and that against Charles and Norah Digges and Wm. Z.

Beall, which is different from either of those offered in proof. It also was inconsistent with the prayers it was designed to modify, and therefore calculated to mislead the jury, the prayers having asked the Court to instruct the jury that there must have been a payment in full satisfaction and discharge of the judgment named in the paper writing, and the modification using the general word "*satisfaction.*"

IX. The 5th prayer should certainly have been granted. There was evidence in the cause tending to prove fraud in the obtention of the paper writing, and the impossibility that there could have been any valuable consideration moving from Digges to Crawfurd, part of it having been admitted against the objection of the defendant. The question of fraud is one especially for the jury, and wherever there is evidence offered, however slight, tending to prove fraud and bearing at all upon the point at issue, it will be admitted. *Davis vs. Calvert,* 5 *G. & J.,* 269. *Thompson vs. Banks,* 2 *Md. Ch. Dec.,* 430. *Morgan vs. Betzenberger,* 3 *Gill,* 350. *Maltby vs. R. R. Co.,* 16 *Md. Rep.,* 445. *Union Bk. vs. Cochran,* 7 *G. & J.,* 139. And where a prayer asks a Court to submit a question of fraud to the jury, if there is any evidence legally tending to prove the fraud, the prayer should be granted. *Mayor, &c., vs. Williams,* 6 *Md. Rep.,* 236.

X. The law of the 6th prayer is admitted to be correct. It referred only to the 1st, 2nd and 5th pleas, in which a paper writing is distinctly pleaded as a release. The paper offered proving not to be a legal release, was no bar to the plaintiff's recovery upon the 1st, 2nd and 5th issues. Under those issues the defendant could claim no benefit of payment in part or in whole, for the pleas contain no averment of payment.

XI. *7th Prayer.* The 3rd and 4th are the only pleas which present the question of payment or satisfaction; the 3rd alleging that Digges paid and satisfied both the judgments by services, &c., and the 4th, that he paid and dis-

charged the plaintiff's claim on the judgment recited in the *sci. fa.* The question was, whether the judgment in the *sci. fa.* had been paid. The defendant averred it had been, 1st, by payment of another judgment together with this, and 2nd by payment of this judgment alone. This prayer only required the jury to find that this judgment had been paid by the testator of the defendant, or by one of the defendants in the first judgment referred to; allowing the jury to find such payment either by money or valuable services, according to their belief from the evidence. We insist that the rejection was erroneous.

XII. *8th Prayer.* The legal proposition contained in this prayer is correct. A plea of payment in an action on a *scire facias* was not good at common law, but was allowed by *sec.* 12, 4 *Ann, ch.* 16, which is in force in this State, but the Act only authorizes a plea of payment, and accord and satisfaction is no defence. 1 *Chitty's Pl.,* 485.

XIII. *Defendant's Prayers.* We insist that the 2nd prayer should have been rejected:

1st. Because the paper writing is not an operative release, for the reasons already stated.

2nd. Because the paper could not discharge William Z. Beall, who was dead before it was written.

3rd. It refers to some judgment against William Z. Beall himself, and no such judgment was proved in the case.

4th. Because the instruction was peremptory, directing them that they must find for the defendant, &c., a form not allowable in a case like that presented by this prayer. *Wilson, Adm'r, vs. Smith,* 10 *Md. Rep.,* 75. *Peterson vs. Ellicott,* 9 *Md. Rep.,* 64.

XIV. *3rd Prayer of Defendant.* This prayer should have been rejected as calculated to mislead the jury, because of the vagueness of the expression "genuine," and because the paper refers only to one judgment, different in description from either of those referred to in the prayer. Besides, both these prayers direct the jury to find for the defendant

provided they find the execution of the paper writing, although they might believe it was procured from Crawfurd by fraud or imposition. But there is another objection to the prayers, which is, that the paper writing was not proper evidence in the case at this stage. The Court will observe that when the defendant offered to read it in evidence, as detailed in the first exception, he gave the assurance "that he intended, in connection with said paper, to show by the records of the Court that Wm. Z. Beall, the defendant's testator, was but a surety for Charles Digges in the original single bill on which the said judgment was rendered;" but not only did he fail to prove this by the records of the Court, but there is no proof to that effect in the cause.

It is clear, under the circumstances, that the Court, on application, would have instructed the jury to disregard all proof as to the written paper, upon the failure of the defendant to fulfil his assurance. *Atwell vs. Miller*, 6 *Md. Rep.*, 10. *Brooke vs. Quynn*, 13 *Md. Rep.*, 379.

But though no such application was specially made, the Court was bound to notice this failure of the defendant to fulfil his pledge and to refuse the defendant's prayers, which assumed the existence as legal proof in the case of the written paper, which was only admitted provisionally, upon the condition that it would be supported by other evidence, which was never adduced.

XV. *Sixth Exception.* The offer of the plaintiff was not of proof or declarations of Crawfurd made *after* the date of the paper, but shortly before the time of its alleged execution. As evidence tending to prove fraud in the obtention of the papers, it was admissible under the authorities cited.

*Wm. H. Tuck*, for the appellee:

Upon the 1st Exception:

1st. The paper of November 1859, was admissible under the pleadings, because it tended to prove the issues. It

was not pleaded as a technical release. For a plea of release see 2 *Ev. Harris.* 44. The term "release," was used in some of the pleas, because it was so expressed in the paper itself. An instrument may be declared on or pleaded in its very terms, or according to its legal effect, and here the paper is pleaded according to the ordinary acceptation of the terms employed, importing satisfaction of the judgment. The present rules of pleading, Code, Art. 75, sec. 2, require only a plain statement of the defence, and if in the words of the paper, to be relied on, it is sufficient, and the evidence will be admitted. If the plaintiff joins issue on a demurrable plea, he cannot object to evidence offered in support of the plea. *Mitchell vs. Williamson,* 9 *Gill,* 71, 78. The legal effect of the evidence offered would be properly presented by a prayer. 2 *Pars. on Cont.,* 129, 130. *Henderson vs. Moore,* 5 *Cranch,* 11. *Blanchard vs. Noyes,* 3 *N. H. Rep.,* 518.

2d. The paper was not without consideration. Expressing on its face valuable considerations, it was a bar, without being sealed, and the tender of the record proof shewed its connection with the case at bar. "Value received" in a note is evidence of consideration, and throws the burden of proof on the defendant, to shew there was no consideration. The mode of payment need not be set out in a receipt.

3d. The objection being general, if the paper was admissible under either plea, it was properly overruled. It was admissible under the third and fourth pleas, as evidence of payment and satisfaction in full, until shewn to have been less than the amount of the judgment. Payment need not be made in money, any thing collateral may be received in satisfaction. 2 *Greenlf. Ev.,* secs. 516, 526. *Shephard vs. Bevin,* 9 *Gill,* 32.

Upon the 2nd Exception:

The record was admissible to shew the judgment on which the *sci. fa.* had issued, and the one mentioned in the paper of November 1859, were for the same debt, be-

cause that being established, it followed that a discharge of Charles Digges, or satisfaction by him, would discharge W. Z. Beall. The issue was joined on this averment in the pleas, consequently the offer was within the issues.

Upon the 3d Exception:

Presumptions cannot be derived from general character in cases of this kind. *Best on Presumptions, ch.* 8, *p.* 211, (47 *L. L.*) The court must assume that the evidence rejected, and that which plaintiff said he would offer, was all that he had to offer on the particular points. Remote and collateral facts not relevant to the issue, will not be admitted. *Davis vs. Davis,* 7 *H. & J.,* 36. *Davis vs. Barney,* 2 *G. & J.,* 382. *Cole vs. Hebb,* 7 *G. & J.,* 20. *Davis vs. Calvert,* 5 *G. & J.,* 269. *Goodhand vs. Benton,* 6 *G. & J.,* 481.

If Digges were on trial for forgery, no such proof would be received. Forgery must be proved by evidence going to the handwriting, and not by remote facts as the foundation for inference of crime. Fraud will not be presumed, much less a grave crime like forgery. *Corner vs. Pendleton,* 8 *Md. Rep.,* 337. *Law vs. Scott,* 5 *H. & J.,* 448.

Acts and conversations, as part of the *res gesta,* are admissible, but under no other circumstances, when offered by the party claiming under the person who acted or spoke,—though they may be offered by the other side,— and even then they must be relevant to the question at issue. *Nusbaum vs. Thompson,* 11 *Md. Rep.,* 557, 563.

As to the 4th and 5th exceptions which contain the ruling on the prayers.

1st. The plaintiff's first prayer, which was granted, placed the *factum* of the paper fairly before the jury, and under the evidence that was the only question to be tried. The 2d, 3d and 4th prayers, present substantially the same proposition, all asserting—as a conclusion of law—that though the jury should find the making of the paper by Crawford, their verdict must be for the plaintiff, unless

they should also find that services and valuable considerations had passed from Digges to him; that is, the prayers ignore altogether the *prima facie* proof of this fact, which the paper itself furnishes. We say that the prayers were defective in form, not bringing to the notice of the jury that paper as part of the evidence pertinent to the subject of the prayers. That prayers, which are based only on parts of the testimony will be rejected, see *Riggin vs. Patapsco Ins. Co.*, 7 *H. & J.*, 291; *Bosley vs. Ches'. Ins. Co.* 3 *G. & J.*, 450, 462; *Beall vs. Beall*, 7 *Gill*, 237; *Day vs. Day*, 4 *Md. Rep.*, 269; *Wilson vs. Smith*, 10 *Md. Rep.*, 67, 75. Where the case depends on a paper or other evidence, and the prayer keeps out of view the effect of that proof, and so does not involve the true point of controversy, it will be treated as abstract and rejected. *State, use of Stevenson, vs. Reigart*, 1 *Gill* 1, 30. *Chew vs. Beall*, 13 *Md. Rep.*, 349. *Balt. & O. R. R. Co., vs. Resley*, 14 *Md. Rep.*, 442. *Fulton vs. Maccracken*, 18 *Md. Rep.*, 528, 543. *Coates & Glenn, vs. Sangston*, 5 *Md. Rep.*, 121, 132.

The qualification or addition proposed by the defendant supplied this omission in the prayers, and placed before the jury all the proof applicable to the point, and was a correct ruling on all the evidence. *Keener vs. Harrod*, 2 *Md. Rep.*, 68. *Coates vs. Sangston*, 5 *Md. Rep.*, 121. *Hall vs. Hall*, 6 *G. & J.*, 386, 404.

If it be said that the design of these prayers was to place before the jury the effect of this paper, we reply that they were calculated to mislead or bias the mind of the jury, by the want of explicitness in the language of the prayer, and where that is the case they may be rejected or explained. *Whiteford vs. Burckmyer*, 1 *Gill*, 127. *Brooke vs. Berry*, *Id.*, 153.

The addition was necessary to explain to the jury the connection between the judgment on which the *sci. fa.* issued, and the record offered by the defendant; for unless the jury found that they were for the same debt, the pay-

ment and satisfaction by Digges, would not discharge Beall.

2nd. The 5th prayer is based on the idea of fraud in obtaining the execution of the paper, to be inferred from the want of valuable considerations and services. Like the other prayers, this was also calculated to mislead the jury, by omitting all reference to the paper as evidence of payment, &c., and inducing them to suppose that the paper was of no consequence whatever, because not under seal.

3d. The 6th prayer states a proposition which, as an abstract point of law, is not denied, but which, as applied to the present case, was well rejected. By its terms it denied all benefit to the defendant from the paper relied on, even though they had found a part payment; whereas he would have been entitled to a credit *pro tanto.* If good in part and bad in part, it is not error to reject the whole. *Budd vs. Brooke,* 3 *Gill,* 198. *Blanchard vs. Noyes,* 3 *N. H. Rep.,* 518.

4th. The 7th prayer appears to be confined to the 2nd and 3rd issues, asserting that the plaintiff was entitled to recover under these pleas, unless the jury found "that the judgment recited in the *sci. fa.* was paid by the defendant's testator, or some other of the defendants to the said judgment." There was no evidence to warrant this instruction. The defendant did not pretend that W. Z. Beall had paid the judgment. He was dead, as the record of the judgment shews. We contend that by virtue of the payment by Digges the other parties were discharged.

Again, the prayer speaks of the other defendants to the judgment on which the *sci. fa.* was issued. There was but one, and that was Beall. We could never have had a verdict on that prayer, because of its phraseology. Prayers are designed to instruct, not to confuse and mislead the jury, and where they have this tendency they may be rejected. *Stockton vs. Frey,* 4 *Gill,* 406. *Clements vs. Smith,* 9 *Gill,* 156, 160. There is a tendency to mislead the jury by connecting the 2nd and 3rd pleas, which are different

in terms. If the paper was not evidence of payment in money, under the 3d plea, as the appellant contended, it was admissible under the 2nd plea as evidence of satisfaction by services rendered, and other valuable considerations. The prayer embraces both pleas, and if wrong in any part, it was properly rejected as a whole.

5th. The 8th prayer asserts that services rendered cannot be considered as a defence, without a release under seal. Repeating what has been said, that the paper was not pleaded as a release, it may be added that payment need not be made in money; but services or other considerations may be accepted in satisfaction, and this is shewn by the paper. The party relying on the settlement need not shew the *quo modo*, if it appears by the writing to be in full discharge. 2 *Greenlf. Ev.*, 516, 526. *Shephard vs. Bevin*, 9 *Gill*, 32. But the prayer is defective in omitting "valuable considerations." It put an impossible hypothesis to the jury, and did injustice to the defendant, by restricting them in finding a verdict to part of his evidence; and also in denying to him the benefit of the services as a part satisfaction. It asserts that those services are no defence to the *sci. fa.*

6th. These prayers are defective in assuming that the paper was not under seal. It was in evidence before the jury, and they should have been allowed, by inspection, to determine that fact. *Glenn vs. Rogers*, 3 *Md. Rep.*, 312.

7th. The 2nd and 3rd prayers offered by the defendant, which were granted, may be sustained by what has been said in reference to the 2nd, 3rd and 4th points of the plaintiff, and the addition. They rest on the same principles. If it is contended that the Court had no power to add the qualifications, it is clear that the defendant had the right to present his views, embracing the evidence that the plaintiff's prayers had omitted; and if these prayers present the law of the case correctly, the judgment will not be reversed for errors in rejecting the plaintiff's. The rule is different where erroneous prayers are granted, because the Court can-

not know which of them had effect with the jury. *Mutual Safety Ins. Co. vs. Cohen,* 3 *Gill,* 459. *N. Y. L. Ins. Co. vs. Flack,* 3 *Md. Rep.,* 341. *Pettigrew vs. Barnum,* 11 *Md. Rep.,* 451. *Haney vs. Marshall,* 9 *Md Rep.,* 215.

8th. As to the 6th Exception:

This contains an offer of Crawfurd's declarations made after the date of the paper of November 1859, which were clearly inadmissible. *Stewart vs. Redditt,* 3 *Md. Rep.,* 67, 78.

8. The case will not be sent back if reversed, provided the Court shall think that under any state of pleadings, the plaintiff cannot recover. The written discharge is a flat bar. *Stockton vs. Fry,* 4 *Gill,* 407, 424. *Creager. vs. Link,* 7 *Md. Rep.,* 259.

BOWIE, C. J., delivered the opinion of this Court:

The appellant's counsel assume in their brief, that the Act of 1856, ch. 112, was in force when the *sci. fa.* in this case was issued. Upon reference to the record it appears, the *sci. fa.* was tested on the 4th of February 1860, and issued on the 10th of March ensuing; the Code went into operation on the 12th of January preceding. It is therefore to the provisions of the latter we are to look, as far as the questions of pleading are affected by the statute law of this State.

The principles of the Code operating on the pleadings in this case, will be found in Art. 75, secs. 3, 6 and 7. By these "any plea necessary to form a legal defence shall be sufficient without reference to mere form." "No special demurrer shall be allowed in any civil case, and no general demurrer for a mere informal statement of a cause of action or defence."

The defendant availing himself of the liberal spirit of these clauses, has presented the facts which he deemed proper for defence without technical form, in five pleas; three, in the nature of pleas of release; two, in the nature of pleas of payment or satisfaction. Release and payment,

according to all the authorities, are good pleas to a *scire facias*. If the facts specially pleaded by the defendant did not bring these pleas within the legal description of these respective classes, the plaintiff should have demurred, by replying and joining issue, he admits their sufficiency in law. Where there is any imperfection or omission whatever in any pleading, which would be a fatal objection on demurrer, yet if the issue joined be such as necessarily required on the trial proof of the facts so imperfectly stated or omitted, such imperfection or omission shall be cured by the verdict. Sec. 9, Art. 75, Code.

Of the six bills of exceptions contained in the record, the first and second are taken to the admission of evidence offered by the defendant. The third and sixth to the exclusion of evidence offered by the plaintiff. The fourth, to the refusal of the Court to grant the 5th, 6th, 7th and 8th prayers of the plaintiff, and to the modification of the 2nd, 3rd and 4th prayers of the plaintiff at the defendant's instance. The fifth exception is taken to the granting of the 2nd and 3rd prayers of the defendant.

The evidence which forms the subject of the appellant's first bill of exception, was a paper purporting to be a receipt or release, accompanied at the time of its production, by a declaration of the defendant's counsel, that they intended, in connection with the paper, to show by the record that William Z. Beall, the defendant's testator, was a surety for Charles Digges, in the original single bill on which the judgment referred to in the paper, was obtained. This declaration of the counsel, in relation to this and other evidence, it is said was not redeemed, and it was the duty of the Court, *ex officio*, at the close of the trial to direct the jury to disregard such testimony. The duty of the Court, in such cases, is correctly laid down in *Atwell vs. Miller, &c.*, 6 *Md. Rep.*, 26. The assurance that this evidence would be followed up by proof of other circumstances and facts material and competent, with which it would

have an important connection, rendered its admission proper. If, however, it should turn out that this assurance was not fulfilled, it would be the duty of the Court, upon application of the counsel, to direct the jury not to regard it.

It is objected, that the paper excepted to was not admissible as a release, not being under seal, or competent evidence under the 1st, 2nd and 5th pleas, all of which aver a release and discharge of Wm. Z. Beall, whose death anterior to the release, would make it inadmissible as a release to his executor. This objection assumes that pleas of release technically speaking, were pleaded and rests on the variance between the *allegata* and *probata*. The pleas referred to are not, technically speaking, pleas of release. They are special pleas to the *scire facias* shewing cause why execution should not go. If they were not sufficient in law, the plaintiff, as before suggested, should have demurred. Such defences were held good on demurrer by this Court in the case of *Booth vs. Campbell, trustee of Harper, 15 Md. Rep.,* 574; where it is said a release or discharge of one of the defendants would operate as a discharge of all. This principle is so well settled as to require no authorities to be cited in its support. If the matters alleged in the plea are sufficient in law to operate as a discharge of R. B. Fitzgerald from all liability upon the judgment, the inevitable consequence is, that it cannot be enforced against the appellant, &c. In that case it was held that a plea of accord and satisfaction was a valid defence to the *scire facias*.

It is further objected, that the paper excepted to, was not admissible under the 3rd and 4th pleas. These are informal pleas of payment. The third avers, " that after the said judgments recited in the plea last aforesaid were rendered, and before the issuing of the *scire facias* in this case, the said Charles Digges, the principal alleged in the said mentioned debt, paid and satisfied the plaintiff's said judgments, by the rendition of certain services and other

valuable considerations, before that time received by the said David Crawfurd from the said Charles Digges.'' The fourth avers, '' that before the issuing of the *scire facias* in this case, the said Charles Digges, the principal obligor in the said judgments mentioned, paid and discharged the plaintiff's claim on said judgment recited in the *scire facias* aforesaid. The *gist* of the plea of payment under the statute of Anne, ch. 14, is that the defendant paid the plaintiff the sum of —— in satisfaction and discharge of the judgment aforesaid, which the plaintiff received and accepted in full satisfaction and discharge. The testimony offered by the defendant would have been admissible under the old rules of pleading; if so, it must be under the Code, the object of which was to prevent a too technical nicety in pleading and practice. The evidence which forms the subject of the second exception, is the records, docket entries, &c., in the case of *David Crawfurd vs. Charles Digges, Norah Digges, and the late Wm. Z. Beall.* At the time of offering these, the defendant's counsel stated that he intended to show by them, that the judgment recited in the *scire facias* and the judgment against Charles and Norah Digges, were recovered for the same debt on a joint and several single bill, to the said David Crawfurd, signed by the said Charles and Norah Digges, and the defendant's testator. The record shows the original cause of action was a joint and several single bill for $2000, executed by the parties above named, who were sued jointly; that a judgment was confessed by the two first named, and the death of the third suggested, after which a separate action was docketed against his executor, the defendant, now appellee, and judgment rendered against him on the same *nar.* and single bill, which were filed in the original cause against Charles and Norah Digges and William Z. Beall.

The appellant's objection is, that as the pleas and the paper offered in evidence, described or referred only to a judg-

Crawfurd's Adm'r *vs.* Beall's Exe'r.

ment of Crawfurd against Wm. Z. Beall, the record of a judgment against *Washington Beall, Exr. of Wm.*, did not sustain the pleas, or agree with the release pleaded, whether the judgment referred to in the receipt of David Crawfurd and purporting to be thereby released, was the judgment described in the record and proceedings offered in evidence, and rendered for the same debt or cause of action as the judgment on which the *sci. fa.* then pending was issued, was a question for the jury, the testimony offered tended to establish their identity, and was therefore admissible.

The third exception is taken to the refusal of the Court to admit evidence of certain characteristics of the plaintiff's intestate, on cross-examination of a witness of the defendant, connected with a declaration by the plaintiff's counsel, that he would show that shortly before the date of the supposed paper writing, purporting to be a receipt, the plaintiff's intestate was pressing the collection of the said judgment. This evidence was offered for the purpose of impeaching the genuineness of the signature of the plaintiff's intestate, and of showing the same was a forgery.

Great as is the latitude allowed on cross-examinations, it does not extend so far as to make testimony, otherwise incompetent, admissible, unless the opposite party by his course of examination has warranted it. The bill of exceptions, in this instance, does not show that any evidence had been offered by the defendant, relative to the characteristics or conduct of the plaintiff by the witness under examination, or any other witness, to justify the introduction of evidence of the character or conduct of the plaintiff's intestate. Independently of which, the evidence proposed conflicted with a cardinal maxim of the law, which prohibits a party's acts or declarations to be given in evidence in his own cause. The intimation, that the object of the testimony was to establish forgery or fraud, does not take it out of the reason of the rule, on the contrary, the

30    v. 21

higher the crime or deeper the fraud, sought to be established, the more stringently the rules of evidence should be enforced. The authorities which sanction the admission of facts however slight, which tend to prove the issue of fraud, contemplate that the facts should proceed from disinterested and competent sources, and be proved by witnesses above all legal exception.

The fourth exception is taken to the rejection of certain enumerated prayers, and the granting of others with a modification, upon which the point is raised, "that the appellants had a right to have the opinion of the Court below upon the proposition submitted by him *as submitted,* and to have the decision upon those propositions reviewed by this Court." In support of which they rely upon *White-ford vs. Burckmyer & Adams,* 1 *Gill,* 127. *Birney vs. W. & N. Y. Tel. Co.,* 18 *Md. Rep.,* 341. The proposition for which these cases are cited, is not of universal and indiscriminate application, but is to be understood as applied to the facts then before the Court in the first named case. The subject was the notice necessary, to enable an endorsee to recover against an endorser of a bill of exchange, drawn on a house in Charleston by a house in Baltimore, and protested for non-acceptance. The defendant's prayer correctly stated the law of the case upon the whole evidence. The plaintiff offered a qualification, speaking of which, the Court said: "In effect it makes the appellant to ask the Court to say to the jury, the plaintiff cannot recover without a certain description of proof, but the facts in evidence may be regarded as such proof." No party can be coerced into such an attitude. If the proposition asked for is not justified by the evidence, or is not in accordance with the Court's opinion of the law, they may refuse it altogether, or they may state in what respects they dissent from it, but the opposite party has not the right to annex modifications to it against the consent of the party.

In the case of *The State, use of Stevenson, vs. Reigart,* 1

*Gill*, 130, at the same term at which the case of *Whiteford vs. Burckmyer* was tried, and before the same judges, it was held, that the first, second, third and fifth prayers made to the Court below by the plaintiff, were properly rejected, as being mere abstract legal propositions, putting the agreement entirely out of view upon which the defendant rests his claim to retain. *Stevenson vs. Reigart*, 1 *Gill*, 30. At the succeeding December term, in the case of *Byer vs. Entmire & Besore*, argued before the whole bench, Dorsey, Justice, delivering the unanimous opinion of the Court, speaking of the rejection of the appellant's prayer, said: "Before the Court could grant the prayer thus made to it, it must assume the non-existence of all the other oral testimony given in the cause; because, by the prayer, no part of it is submitted to the finding of the jury." 2 *Gill*, 162. *Day vs. Gorsuch & Day*, 4 *Md. Rep.*, 269, in which C. J. Le Grand said:—"The Court of Appeals in *Whiteford vs. Burckmyer & Adams*, have recognised the right of a party to segregate any portion of the facts of a case from the whole body, and asks the instruction of the Court on them, and it is for the other party, if he desires it, to ask the opinion of the Court on the whole testimony,"—was like the case to which he referred, a question on a single fact, the construction of a *mittimus*, in which the instruction asked for was correct.

So in *Atwell vs. Miller & Mayhew*, 6 *Md. Rep.*, 19, the single question was delivery, of which the Court said: "When, however, the delivery is not actual, but symbolical or constructive, then, as we have said, it is a mixed question of law and fact, and either party has the right to ask the instruction of the Court as to *the legal effect of any particular circumstance* which may be offered to the jury, and from which the delivery is to be deduced." In *Carroll vs. McTavish*, 7 *Md. Rep.*, 366, where the objection was that the plaintiff's prayer, based upon his own evidence, should not have been granted, because it ignored the tes-

timony offered by the defendant; the Court held: "It is certainly true, that when the proof of the defendant, if believed by the jury, would establish any proposition inconsistent with the theory of the plaintiff's prayer, *which is based upon his own evidence*, such prayer cannot be given, because it must assume or admit the truth of all the defendant's proof on the subject." The proposition is stated still more clearly in *Wells & Miller, vs. Turner*, 16 *Md. Rep.*, 142. "Each party had the right to call on the Court for instructions, based on his view of the case, if the evidence relied on was legally sufficient to warrant the conclusion sought to be deduced from it.

"If an illustration be needed, we may state the familiar distinction between a collateral and original undertaking, where it is sought to charge one person for the piece of goods sold and delivered to another, there being no writing to bind the party. The plaintiff may ask the Court to say to the jury that they must find for him, if they believe, from *all* the evidence, that credit was given to the defendant, and so the defendant may claim the verdict if the jury find that credit was given to the party receiving the goods." This Court in the case of *Birney vs. The N. Y. Telegraph Company*, referred to the case of *Whiteford vs. Burckmyer & Adams*, as sustaining the prayer in that case, but the plaintiff's prayer was on a written statement of facts agreed on by the counsel and read in evidence to the jury, referring to which this Court, quoting from 11 *Md. Rep.*, 185, say: "It is well settled, that even where the proof is all on one side, the finding of the facts must be left to the jury; but this is not necessary when the case is tried upon admissions at the bar." In such a case there was no ground for objecting to an instruction as to the legal effect of what was thus agreed upon.

This Court in *Adams vs. Capron & Snowden, ante p. 186*, decided at the present term, replying to a similar argument, use this language: "It is no answer to this proposition to say that an instruction may be had upon any

Crawfurd's Adm'r *vs.* Beall's Exc'r.

given statement of facts, for even upon the authority of *Whiteford vs. Burckmyer,* 1 *Gill,* 127, that can be done only when the instruction asked is subordinate to, or in aid of a theory which embraces all the facts material to establish or defeat the right in controversy." The effect of an instruction, that a plaintiff is entitled to recover upon the finding of certain particular facts, is to withdraw from the jury the finding of any other fact that would "qualify or defeat the right asserted."

These cases show there are two classes of prayers, or instructions, referred to in the books, which are not to be confounded with each other; one, where it is sought to obtain the instruction of the Court upon the legal effect of a particular instrument, as a *mittimus,* or a particular fact, as notice or want of notice, or it may be, of a combination of facts, (the instrument or facts being proved or agreed upon,) in which the party desiring the instruction may sever them from the mass and submit them to the Court, taking care to deduce the proper legal conclusion from the premises. In such a case the opposite party has no right to modify or change, because both the facts and the law are right.

On the other hand there is a class, in which all that is offered in evidence on either side must constitute the basis of the prayer, if the party asking it seeks to establish a legal proposition, conflicting with his adversary's proposition depending on the proof of the same facts.

The second, third and fourth prayers of the plaintiff were refused as offered, but granted as modified by the defendant's suggestion. That the prayers might have been rejected absolutely or modified by the Court, is admitted, but it is contended they should not have been modified at the instance of the defendant. If a legal proposition is wrong it must be rejected, from whatever source the suggestion of the error proceeds. To say the Court may not adopt a view of a case, however correct, because it first emanated from the counsel opposed to the error, cannot be law. Most of the views ultimately decided, proceed from the counsel on

one side or the other. If the Court has the power to originate an objection, they have the right to adopt. The whole duty of counsel is to enlighten and aid the Court by their arguments and objections, and the province of the Court is to direct, control and decide, according to the right.

These prayers do not ignore the existence of the receipt, but, from accident or design, omit entirely to refer to the legal effect of that instrument, as *prima facie* evidence of the facts recited therein. It seems to us nearly parallel in principle to the case of *Stevenson vs. Reigart.* There the prayers were abstract legal propositions, keeping the agreement on which the defence relied, entirely out of view. Here the handwriting of David Crawfurd, the signature to the receipt, is referred to, but in terms which imply a doubt of its being *bona fide,* and entirely ignore its claims as evidence. They imply that the facts recited in that paper are to be proved *aliunde,* by other and independent proof, and that the burden of proving them is on the defendant. That they are subject to such a construction is sufficient to justify the Court below in rejecting them, and adopting the modification which declared the weight the receipt was entitled to as *prima facie* proof, if genuine.

The fifth prayer of the plaintiff, the rejection of which was excepted to in the fourth bill of exceptions, requires the Court to instruct the jury, that if they find from the evidence, the said release not being under seal, that before or at the time of the date of the release the said David received no valuable consideration from the said Charles Digges, or services of value from him, they may find the said release to be fraudulent. This prayer, like others commented on, was calculated to mislead the jury, the words, "not being under seal," being used to negative the presumption of consideration, of which the receipt was *prima facie* evidence. There being no evidence on the part of the appellant to rebut the *prima facie* proof offered by the appellees, the prayer had no evidence to support it, and was therefore properly rejected. The sixth prayer was cor-

rect as an abstract legal proposition, but the pleas to which it refers, not being technically pleas of release, but special pleas in bar, on which the appellant had taken issue, the instruction tended to exclude evidence which was properly admitted on the issues joined, and was therefore correctly refused.

The plaintiff's seventh prayer declares that he is entitled to recover upon the issues joined on the second and third pleas, unless the jury shall find from the evidence that the judgment recited in the *scire facias* was paid by the defendant's testator, or some other of the defendants to the said judgment. The effect of this prayer was, to preclude the defendant from the benefit of the discharge given by the plaintiff's intestate to the principal debtor. If the principal was discharged, the sureties or co-obligors were; it was immaterial by whom the debt was discharged, therefore to confine the proof to the payment in money of the judgment recited in the *scire facias*, was to exclude the receipt from the consideration of the jury, and therefore erroneous,

The eighth prayer seems to be a mere formal recapitulation of objections raised by the preceding prayers, and has been substantially answered in our remarks upon them.

The second and third prayers of the defendant, granted by the Court, constitute the ground of the plaintiff's fifth bill of exceptions. These prayers are but corollaries of the propositions previously granted by the Court, upon the prayers of the plaintiffs as modified. They declare succinctly and clearly the law applicable to the case. Finding no error in the rulings of the Court below, the judgment must be affirmed.

*Judgment affirmed.*

(Decided March 11th, 1864.)