Atwell *vs.* Miller and Mayhew.

---

RICHARD H. ATWELL *vs.* WILLIAM D. MILLER and WILLIAM E. MAYHEW.

A witness who was the salesman of a firm may refer to the blotter as an item of evidence to show that he sent a bill copied therefrom to defendant, and to ascertain, by referring thereto, of what the bill consisted.

But such evidence would only be admissible for the purpose of showing what articles were embraced in the bill of parcels, after the proper foundation had been laid for the introduction of secondary evidence of the contents of such bill.

Where evidence is admitted under the assurance that it will be followed up by proof of other material facts with which it would have an important connection, and such assurance is not fulfilled, it is the duty of the court, on application afterwards made, to direct the jury to disregard it.

Entries made in a blotter by one of the plaintiffs are not evidence *per se* in favor of the plaintiffs, and could only become so by being connected collaterally with other facts and circumstances.

Notice was given at the trial to the defendant to produce a paper, which his counsel, "*on examining his papers,*" declined to do. HELD, that this was not sufficient notice to let in secondary evidence of the contents of the paper.

Notice given at the bar during the trial to produce a paper is not sufficient, unless it appears satisfactorily to the court that the paper is in court at the time and in possession of the party, or if elsewhere, that it would be of easy access.

A letter from the vendee to the vendor asking for a bill of parcels of the goods, though not a sufficient writing of itself to witness the contract of sale, is still a circumstance, in connection with other facts, which might tend to establish the contract.

Actual or manual delivery of goods is not necessary in order to gratify the statute of frauds, where they are ponderous and incapable of being handed over from one to another, and where the buyer so far accepts them as to treat them as his own, or where the delivery is symbolical, or where actual delivery is impracticable, and can only be by such symbolical means as the circumstances of the case will allow.

While *delivery* is a fact to be found by the jury, *constructive delivery* is a mixed question of law and fact, and the circumstances or facts necessary to constitute such delivery must be found by the jury as in the case of actual delivery.

Either party has the right to ask instructions of the court as to the legal effect of any particular circumstance which may be offered to the jury, and from which the delivery is to be deduced.

A prayer which assumes that in all cases of the sale of goods an *actual delivery* is necessary to make the sale a valid one, when it is to depend upon delivery alone, is erroneous.

It is the province of the jury to determine the sufficiency of proof to establish a valid contract of sale.

APPEAL from the Superior Court of Baltimore city.

*Assumpsit* by the appellees against the appellant, to recover a balance due the plaintiffs on account of the sale of certain goods, (fourteen bales of osnaburgs and twenty-five bales of drills,) alleged to have been first sold by the plaintiffs to defendant, and afterwards, at his request, resold by them on his account. The declaration contained the common money counts. Plea, *non assumpsit.*

The record not showing that all the exceptions were taken and signed by the court, it was agreed by counsel that the cause should be tried in this court as if the following exceptions had been duly taken and signed.

*1st Exception.* The plaintiffs, who were commission merchants, proved by Goodwin, their salesman, that in January 1850, defendant was in their store negotiating the purchase of certain goods and drills, and that after he left, Mayhew, one of the plaintiffs, made certain entries upon the blotter, in which the first rough account of daily sales is always entered. The witness here produced the book and referred to the entry which consisted of the sales of the goods in question to defendant. The defendant objected to the use of the book and entry as proof of sale made, but the plaintiffs' counsel stated that he did not offer the entry for any such purpose, but only to be connected with proof thereafter to be offered, of a bill of the goods charged having been asked for by defendant and sent him, for which purpose alone the evidence was admited by the court, (FRICK, J.,) and to this ruling the defendant excepted.

*2nd Exception.* The plaintiffs further proved by the same witness, that the goods charged in said account, (fourteen bales of osnaburgs and twenty-five bales of drills,) were at once set aside and marked with the name of the defendant. They further proved by Grofflin, their book-keeper, that in February 1850, they received from defendant a note requesting, among other things, "a bill of the fourteen bales osnaburgs and twenty-five bales of drills," and that in compliance with this request witness made out from the entries in the blotter, before offered in evidence, a bill of the goods and sent it to defendant. The defendant objected to any proof of the contents of said bill, as no notice had been given him to produce it. Whereupon notice was given to him at the time to produce the same, and the counsel for defendant on examining his papers declined to produce the same. The defendant still objected to the admission of proof *aliunde* of the contents of this bill, on the ground that no sufficient notice had been given to produce it, and to the overruling of this objection by the court, excepted.

*3rd Exception.* The plaintiffs then proved by Grofflin, that in the fall of 1850 he called upon defendant and had a con-

versation with him about the bill of osnaburgs and drills, before referred to, which were still lying in the plaintiffs' warehouse; that defendant then told witness to request the plaintiffs to sell said goods for him on his account and risk, and try to save him from loss, which message he communicated to the plaintiffs. The plaintiffs then called on defendant to produce a certain account-sales rendered him of said goods, but defendant declined to produce the same, though in the bundle of papers in the possession of his counsel at the trial table. To the admission of proof *aliunde* of the contents of this account the defendant also objected, on the same ground as in the preceding exception, and to the overruling of his objection excepted.

*4th Exception.* The plaintiffs then proved by another of their book-keepers, that the account-sales produced by him was a correct copy of the account-sales of defendant's goods on the books of the plaintiffs, as sent him. They then produced the blotter of the firm, and proved by Goodwin that certain entries therein were in his handwriting, and that they were memorandums of the sales of part of defendant's goods made by him, as salesman, for full market prices, and that a copy of the account-current, offered in evidence, was sent to defendant in February 1851. The defendant then asked three instructions to the jury:

1st. That there is no evidence of a sale and delivery within the provisions of the 17th section of the statute of frauds.

2nd. That if the jury find from the evidence that there was no delivery of the goods alleged to have been sold, the plaintiffs are not entitled to recover.

3rd. That the plaintiffs are not entitled to recover, unless the jury shall find from the evidence that there was an actual delivery of the goods sued for.

All of which prayers the court rejected, and to this ruling the defendant excepted, and the verdict and judgment being against him, appealed,

The cause was argued before Le Grand, C. J., Eccleston, Mason and Tuck, J.

Atwell *vs.* Miller and Mayhew.

*J. Malcolm* for the appellant.

1st. The court erred in admitting the blotter containing the entries made by one of the plaintiffs of the articles sold. The books of a firm are not evidence. 5 *G. & J.*, 134, *Owings vs. Low.*

2nd. The court also erred in admitting secondary evidence of the bill of parcels and of the account-sales, upon notice given to produce the originals at the trial table. 3 *Md. Rep.*, 312, *Glenn vs. Rogers.*

3rd. The court also erred in rejecting the defendant's prayers, because there is no evidence of a sale and delivery, as required by the statute of frauds, and there is no evidence to take the case out of the statute. *Smith on Contracts*, 70. There is no proof that defendant ever accepted the goods or received them; they were never, in fact, out of the control of the plaintiffs. There must be an actual acceptance and receipt of the goods to take a case out of the statute. *Blackburn on Contracts of Sale*, 89. The vendor's lien for the price must be gone before there is such an actual delivery. *Story on Sales*, sec. 279. *Story on Contracts*, sec. 499. 20 *Eng. Law & Eq. Rep.*, 524, *Hunt vs. Hecht.* 1 *Comstock*, 261, *Shindler vs. Houston.*

4th. Though a bill of parcels was sent to the defendant, yet that is not a sufficient contract in writing to gratify the statute, and the court therefore erred in admitting the blotter and evidence of the contents of the bill of parcels as evidence of such a contract. 5 *H. & J.*, 117, *Batturs vs. Sellers, et al.* 2 *Camp. N. P.*, 203, *Wright vs. Dannah. Blackburn on Contracts of Sale*, 77, 78. The plaintiffs' clerk had no authority to bind the defendant. 1 *Md. Rep.*, 435, *Ijams vs. Hoffman.*

*William F. Frick* for the appellees.

1st. The notice to produce the copies of the papers which were offered in evidence was sufficient, the necessary inference from the record being, that when called for they were in possession of the defendant's counsel at the trial table. 3 *Md.*

Atwell *vs.* Miller and Mayhew.

*Rep.*, 320, *Glenn vs. Rogers.* 1 *Greenlf. on Ev.*, sec. 562. But again, the papers were duplicate originals and could be offered without notice to produce the originals. 1 *Greenlf on Ev.*, secs. 560 to 563.

2nd. This suit is brought, not to recover the price of goods as between vendor and vendee, but for a balance due the plaintiffs, as factors of the defendant, upon a sale of his goods, at his request, and on his account and risk. It is enough for the purpose of a recovery in this case that the defendant assumed to be the owner of the goods in question, and instructed the plaintiffs, as his factors, to sell them on his account, and that the plaintiffs recognized and acquiesced in his claim as owner, and did fairly sell them, and that there was a balance of account against him. He is estopped, *in pais,* by his acts from denying the value, sale and delivery of the goods to him. 44 *Law Lib.*, 454, 466, *note.*

3rd. The original sale was valid and complete. The plaintiffs were commission agents of the owner of the goods, and as such sold them to the defendant. The latter asked in writing for a bill of parcels, and the plaintiffs sent him one. The making out and sending this by them, or their clerk, was a sufficient memorandum in writing under the statute of frauds. *Story on Sales,* sec. 266. 5 *H. & J.,* 117, *Batturs vs. Sellers & Patterson.* But again, the delivery was sufficient, *actual* delivery is not required; a constructive delivery is sufficient if there is an act of acquiescence on the part of the vendee. Any act by either party, assented to by the other, implying a charge of ownership, is a sufficient constructive delivery. 57 *Law Lib.*, 28, 29. *Story on Contracts,* sec. 510.

4th. The plaintiffs, if on no other ground, were entitled to recover upon their account-current rendered, the same having been received by defendant, and retained without objection for many months. The same thereby became, under the custom of merchants, an admitted account. 1 *Greenlf. on Ev.*, sec. 197.

MASON, J., delivered the opinion of this court.

This is an action of *assumpsit,* instituted by the appellees

against the appellant, to recover the balance upon certain sales alleged to have been made by the former, as factors, on account of the latter, the controversy involving the sum of one hundred and twenty-two dollars.

The first question which is raised in the record, relates to so much of the evidence of Goodwin, which seeks to introduce the blotter of the store, containing the original entry of one of the plaintiffs, at the time the alleged transaction with the defendant took place. This evidence was objected to by the defendant, "*as proof of sale made.*" But the "*plaintiff stated that they did not offer the entry for any such purpose, but only to be connected with other proof thereafter to be offered, of a bill of the goods charged having been asked for by defendant and sent him.*" The record further shows, that for this latter *purpose alone the evidence was admitted.*

It was competent, we think, for the witness to refer to the blotter as an item of evidence in the cause, to show that he had sent a bill copied therefrom to the defendant, and to ascertain by referring thereto, of what the bill consisted. This testimony however would only be admissible for the purpose of showing what articles were embraced in the bill of parcels, after the proper foundation had been laid for the introduction of the secondary evidence, of the contents of the said bill of parcels ; and that foundation would have been a notice *duly* served upon the defendant to produce the original paper, and which notice had been disregarded.

In this instance, as the point is presented by the record, we think the book was properly admitted in evidence for the specific purpose for which it was offered. The assurance that this evidence would be followed up by proof of other circumstances and facts material and competent, with which it would have an important connection, rendered its admission proper. If however it should turn out that this assurance was not fulfilled, it would be the duty of the court, in a subsequent stage of the trial, upon an application by counsel, to direct the jury to disregard or reject it. The entries in the blotter were made, it appears, by one of the plaintiffs

himself, and therefore were clearly not evidence, *per se* in their favor. They could only have become so, as we have shown, by being connected collaterally with other facts and circumstances. In this case we think, as we shall presently show, the plaintiffs did not make good their pledge, inasmuch as they did not show that a legal notice had been given in order to lay the foundation for the introduction of the secondary evidence. This leads us to the consideration of the second question presented by the record.

In the progress of the trial, with the view of establishing the original contract of sale, out of which the present controversy arises, the plaintiffs offered to prove *aliunde*, the contents of a written paper, being *the bill of parcels* of the goods. To authorise the introduction of this evidence, the plaintiffs, while the trial was in progress, served a notice upon the defendant in court, to produce the original paper, which the defendants' counsel, *after having examined his papers declined to produce*, and hence the attempt of the plaintiffs to give secondary evidence of its contents. Was this notice sufficient under the circumstances, to warrant the introduction of the secondary evidence, is the point to be determined. Notice given at the bar, during the progress of the trial to produce a paper is not sufficient, unless it appears satisfactorily, that the paper is in court at the time, and in possession of the party upon whom the demand is made, or if elsewhere, that it would be of easy access. In this case it does not affirmatively and sufficiently appear in the record, that the paper was in court and in the possession of the defendants, or of easy access when the demand was made. It is true he declined to produce it, but it might as well have been that he so declined, from inability to produce it, as from an unwillingness to do so. The secondary evidence of this paper therefore was improperly admitted, and for that reason we reverse the ruling of the court upon this point.

From what we have said it follows, that the notice to produce the other paper referred to in the record, and which constitutes the third exception, was sufficient; the same

3    v.6

appearing to have been in court, and in the possession of the defendant when the demand for its production was made.

The object of the plaintiffs, in this case, was to show such a sale as would be operative and valid under the statute of frauds, and in order to do this, evidence was proposed to be offered, that there was either *a memorandum in writing signed by the parties witnessing the contract*, or that there was such a *delivery* of the goods, either actual or constructive, as was sufficient to gratify the requirements of the statute.

Upon the whole evidence three prayers were offered by the defendant, all of which were rejected by the court below. The first, asked the court to say that "there was *no evidence* of a sale and delivery within the provisions of the 17th section of the statute of frauds." This prayer was properly rejected. Without expressing any opinion in regard to the weight of testimony in the cause, we do not feel at liberty to say there was *none* tending to support such a proposition. The letter of the defendant in regard to this transaction, though not a sufficient *writing of itself to witness the contract*, might still well have been a circumstance, in connection with other facts, which might tend to establish the contract. The same may be said of the conversation of the defendant with the witness Grofflin, and of other circumstances proved in the progress of the trial.

In regard to the proof of a *delivery* of the goods in order to gratify the statute, it must be conceded that an actual or manual delivery is not in all cases necessary. Upon this subject the law is well settled and clearly defined, and may be thus stated : where the goods are ponderous and incapable of being handed over from one to another, and where the buyer so far accepts them, as to treat them as his own, exercising acts of ownership over them, from which possession as owner may be inferred;—or where the delivery is symbolical, such as the delivery of the key of the warehouse in which the goods are lodged;—or where actual delivery is impracticable, and can only be made by such symbolical means as the circumstances of the case will allow, as in the case of

a ship or cargo at sea, &c., actual or manual delivery is not necessary. *Franklin & Armfield, vs. Long,* 7 *Gill & Johns.,* 407.

While *delivery* is a fact to be found by the jury, *constructive delivery* is a mixed question of law and fact, and the circumstances or facts necessary to constitute such a delivery must be found by the jury, as in the case of actual delivery.

We think there was evidence adduced upon the trial, which should properly have been submitted to the jury upon the question of *delivery*, and hence the additional error of the first prayer in assuming there was none.

The second prayer we think was improperly rejected. It submits nothing to the jury but the simple question of *delivery*, which is a fact to be found by the jury. When however the delivery is not actual, but symbolical or constructive, then, as we have already said, it is a mixed question of law and fact, and either party has the right to ask instructions of the court as to the legal effect of any particular circumstance which may be offered to the jury, and from which the delivery is to be deduced.

The third prayer was properly rejected, because it assumes that in all cases like the present, an *actual delivery* is necessary to make the sale a valid one, where it is to depend upon delivery alone. We think on the contrary, when from the peculiar character of the goods sold they are not susceptible of an actual or manual delivery, as in this case, a symbolical or constructive delivery will be sufficient.

If this verdict and judgment stood alone upon the evidence in regard to the *delivery*, we might be disposed not to disturb them, but as it is impossible to know upon what ground the jury based their verdict, whether upon the ground that a *written* contract had been sufficiently proven, (the evidence in regard to which having been excluded by us,) or whether upon the proof of delivery, we must reverse the judgment. In doing so however we do not wish to be understood as intimating any opinion, as to the sufficiency of the proof to establish a valid contract between these parties. To determine that is the province of the jury.

*Judgment reversed and procedendo awarded.*