(3 Misc. Rep. 92.)
## BOWE v. ELLIS.

(Common Pleas of New York City and County, General Term,   March 6, 1893.)

STATUTE OF FRAUDS—SALE—DELIVERY AND ACCEPTANCE.
    Where the seller of a bar in a building owned by a third person, to which both the seller and purchaser have access, informs the purchaser that it is his, and requests him to remove it, and the purchaser promises to do so, and afterwards makes an effort to sell it, there is a delivery and acceptance, taking the contract of sale out of the statute of frauds.

Appeal from fifth district court.

Action by Thomas Bowe against Cornelius C. Ellis for the price of a chattel sold defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

Chas. W. Coleman, for appellant.

Hahn & Myers, for respondent.

BISCHOFF, J. Assuming the defense that the contract of sale was within the statute of frauds, and void, because not in writing, to have been available, under the pleadings, we are nevertheless of the opinion that the judgment appealed from is unassailable, since the evidence adequately supports a finding that defendant accepted and received the chattels which he agreed to purchase, whereby the contract under present consideration was removed beyond the operation of the statute. 3 Rev. St. (Banks & Bros. 7th Ed.) pt. 2, p. 2328, c. 7, tit. 2, § 3, subd. 2. Having determined the question of the credibility of the witnesses in plaintiff's favor, it was competent for the justice below to find, from the testimony adduced on the trial, that plaintiff and defendant orally agreed that if the former would purchase a mortgage which the latter held upon certain chattels in the Stevens House, including a bar and back bar, for $1,850, he (defendant) would purchase the bar and back bar at the foreclosure sale for $200; that, relying upon defendant's promise to purchase the bar and back bar at the time and for the sum mentioned, plaintiff accepted an assignment of the mortgage, and paid defendant $1,850, as agreed, but that, at the foreclosure sale, defendant failed to attend, whereupon plaintiff bid in the bar and back bar, and thereafter informed defendant that they were his at the price agreed, and requested him to remove the chattels, which the latter first promised, and then failed, to do, having meanwhile, however, made effort to sell them to one Underhill.

To prove acceptance and receipt of ponderous and bulky articles by the purchaser, it is not required that there should have been manual delivery by the seller. Atwell v. Miller, 6 Md. 10. Virtual or constructive delivery is sufficient, in any case. Bailey v. Ogden, 3 Johns. 399; Castle v. Sworder, 6 Hurl. & N. 828; Sahlman v. Mills, 51 Amer. Dec. 630. All that is required is that the goods be placed within the control and under the dominion of the purchaser, (Marsh v. Rouse, 44 N. Y. 643,) with intent on the part of both contracting parties to vest the right of possession as owner in the purchaser, (Brand v. Focht, 1 Abb. Dec. 185;) and proof of any act or acts from which it may be reasonably inferred that the seller has abandoned possession as owner, and that the purchaser has assumed it, is sufficient evidence of acceptance and receipt to take an oral contract of sale out of the statute of frauds, (Jones v. Reynolds, 120 N. Y. 213, 24 N. E. Rep. 279; Gray v. Davis, 10 N. Y. 285,) without further proof that the goods were actually transferred from one place to another. In the case before us, the parties did not specifically agree upon a place for delivery. The place

where the chattels were at the time of sale must therefore be presumed to have been intended as the place where delivery was to be made. Benj. Sales, (4th Amer. Ed.) § 682.   This was the Stevens House, to which both seller and purchaser had equal access, as licensees of the owner or his agent.   The chattels were therefore upon neutral ground, in the actual, physical possession of a third person, and so remained when plaintiff requested defendant to remove them, at the same time informing defendant that they were his.   This request was tantamount to a declaration that plaintiff intended to relinquish his lien for the unpaid purchase money, and his dominion of the chattels as owner.   Thus there was nothing to hinder defendant from taking possession, if he saw fit so to do.   That such was his intention was manifest by his promise to remove the chattels; and that his intention was executed, and dominion as owner assumed by him, was further manifested by his attempted sale to Underhill,—acts which were consistent only with his claim of ownership.   Hence, there was both receipt and acceptance by defendant, whereby the effect of the statute upon the contract of sale was avoided. Instead of being authority to the contrary, we regard Shindler v. Houston, 1 N. Y. 261, as sustaining the position assumed by us.   In the case cited it was held that mere words indicating an intention to assume possession, uttered by the purchaser at the time of the sale, will not have the effect of receipt and acceptance of the goods, but that his subsequent acts from which assumption of possession as owner may be inferred are sufficient, though the goods themselves have remained in the place of their deposit before the sale.

The judgment should be affirmed, with costs.