WILLARD T. BEEDY et al. *vs.* BRAYMAN WOODEN WARE COMPANY.

Franklin.    Opinion May 12, 1911.

*Sales.    Chattels.    Delivery.    Acceptance.    Statute of Frauds.    Revised Statutes, chapter 113, section 4.*

At common law, there may be a complete delivery of chattels sold without receipt or acceptance under the statute.

Receipt and acceptance by the buyer of chattels is essential to passing of title.

To pass title under a sale, receipt and acceptance by the buyer need not be contemporaneous with the contract, if made pursuant to it; nor need they be simultaneous.

No act of a seller of chattels can constitute delivery, taking the contract out of the statute of frauds, without receipt and acceptance by the buyer.

Acts by an oral contract buyer of chattels, such as offer to resell all or part of the goods, shows receipt and acceptance by him, taking the contract out of the statute of frauds.

On report.    Judgment for plaintiffs.

Assumpsit on an account annexed to recover for 5 tons and 75 pounds of hay at $17.00 per ton, alleged to have been sold and delivered by the plaintiffs to the defendant.    Plea, the general issue with brief statement as follows:    "That if any such contract was made as alleged by the plaintiffs it was void under a certain statute

of the State of Maine known as the Statute of Frauds, contained in section 4 of chapter 113, which provides, 'That no contract for the sale of goods, wares or merchandise for thirty dollars or more shall be valid unless the purchaser accepts and receives part of the goods or gives something in earnest to bind the bargain, or in part payment thereof, or some note or memorandum thereof is made and signed by the party to be charged thereby, or his agent,' and the defendant says that if any contract was made between the plaintiffs and themselves such as is mentioned in said plaintiffs' writ, that such contract was for the sale of goods, wares or merchandise for thirty dollars or more, and that the purchaser under such did not accept or receive any part of the goods or give anything in earnest to bind the bargain or any part of the payment thereof; and that no note or memorandum thereof was made and signed by any party to be charged thereby or by their agent."

At the conclusion of the plaintiffs' evidence, the case was reported to the Law Court to render such judgment as the law and the legally admissible evidence required.

The hay for which this suit was brought was a part of a lot of pressed hay in the barn of the plaintiffs. In relation to the trade for the hay, the purchasing agent of the defendant testified as follows : "The final trade was somewheres just about before the 25th of December. I made Mr. Beedy an offer of $17 a ton for five tons to be taken at his barn and he said he would let me know the next day or in a day or two, and the 25th of December, Saturday, Willard Beedy came to my place and said that they would sell me this five tons of hay, and I arranged with him to go up to the barn and put out five tons of hay on the outside so that the teams could get it there ; and he went up Monday and put out this hay. I think it was the 27th."

Shortly after the trade for the hay, the defendant discontinued its lumber operation and never removed the hay and it remained outside the barn where it had been placed by the plaintiffs, and there spoiled. In relation to the hay, after the lumber operation had been discontinued, the defendant's purchasing agent testified as follows :

"Q. When you saw Mr. Brayman up in the woods did you have any conversation with him about this hay?

"A. Yes. Mr. Brayman decided that day that he would not operate any longer, and I reminded him again — I had previously reminded him of this hay — that there was some hay down there at Mr. Beedy's that I had purchased that would need to be taken care of.

"Q. Did Mr. Brayman make any reply?

"A. Why, we had some conversation in regard to moving it down I think on the train to Phillips.

"Q. Did you ever have any more conversation either in the woods or in the village at Phillips concerning this hay?

"A. I met Mr. S. M. Brayman on the street, I think in front of the post-office, and had some conversation. I think perhaps I might have mentioned it to him that that hay ought to be taken care of. That was a little later. He asked me if I could not find some one to buy the hay, he said they did not want to lose more than they could help, and I suggested Mr. Beal and he requested me to see him. I did see Mr. Beal and tried to sell him that hay but he didn't care to buy at that time."

The points in the case are stated in the opinion.

*J. Blaine Morrison*, for plaintiffs.

*D. R. Ross, and Frank W. Butler*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

BIRD, J. This action is brought to recover the price of a quantity of hay alleged to have been sold by plaintiffs to defendant. The defense is the statute of frauds. The case is before this court upon report, such judgment to be rendered upon such of the evidence as is legally admissible as the law and evidence require.

There may be a complete delivery at common law without either receipt or acceptance under the statute. The former is the act of the vendor while receipt, which affects the possession, and acceptance, which affects the title, are the acts of the purchaser and both receipt and acceptance are essential. Nor can such receipt and

acceptance be shown by words alone, where such words are part of the alleged oral bargain and sale.    But receipt and acceptance need not be contemporaneous with the alleged contract, if made in pursuance of it, nor need they be simultaneous.    The former may precede or follow the latter.    No act of the vendor alone can be effective to make delivery, without receipt and acceptance, take the case out of the statute.    If the vendee does any act to the goods, of wrong, if he be not their owner, and of right, if he be their owner, the doing of the act is evidence that he has accepted them.    These principles are so well established as to require no citation of authorities.

In the case at bar, the alleged bargain and sale was not of certain specified goods selected and accepted by the purchaser or its agent but of a certain quantity of goods to be selected by the vendors from a larger mass.    The separation of the hay alleged to have been purchased and its deposit outside the barn were the acts of the vendors.    Although, from the evidence as to the manner of payment and the subsequent relation of the vendors to the property, we think no lien for the price was retained, it is needless to state that neither receipt nor acceptance can be found from such acts of the vendors: *Edwards* v. *G. T. R. Co.*, 54 Maine, 105, 112; *Shepherd* v. *Pressey*, 32 N. H. 49, 55-56; *Knight* v. *Mann*, 118 Mass. 143, 146.    Whether the act of the agent of defendant in directing one of its employees to go and remove the hay after it was placed outside the barn was a receipt by defendant, we need not decide as, even if it were, there was no actual acceptance: See *Howe* v. *Palmer*, 3 Barn. & Ald. 321.    The purchaser still had the option to object to the quantity, quality or identity of the goods.

It is uncontradicted that defendant directed its agent to offer the hay for sale to a certain party who refused the offer.    Clearly constructive acceptance and receipt may arise from dealing with the goods as owner, as by the purchaser reselling or pledging the goods. The first case of this character is the familiar one of *Chaplin* v. *Rogers*, 1 East, 192, where, a stack of hay being sold by parol to the defendant, he, without paying for it or removing it, resold a part of it to another who took it away.    And Kenyon, J., speak-

ing for the Court of King's Bench says, "Here the defendant dealt with the commodity afterwards, as if it were in his actual possession, for he sold part of it to another person." Id. page 194. In Benjamin on Sales, this case is cited as authority for the position that a resale is evidence of a constructive receipt as well as of constructive acceptance; §§ 145, 182. See also *Morton* v. *Tibbett,* 15 C. B. 428. In *Blenkinsop* v. *Clayton,* 7 Taunt. 597, it was held that if a person who has contracted for the purchase of goods offers to resell them, there is evidence of an acceptance and receipt of the goods which should be submitted to the jury. In ex parte Safford, it is said, "The cases are many where a sale, or a mere offer to sell, or a request by the vendee to the vendor to sell on his account, and various other acts of ownership have been held sufficient for that purpose (receipt) though the goods remained in the actual possession of the vendor, or of a middle-man. . . . . It may be said that a resale would be a fraud on the vendor, if the goods are not the property of the vendee, and for this reason the latter is estopped; but the true reason is, that such an act is of itself evidence of acceptance and receipt:" (Lowell, J.) 2 Low. 563, 566; 21 Fed. Cases, pages 142, 143. See *Garfield* v. *Paris,* 96 U. S. 557, 563; *Bowe* v. *Ellis,* 22 N. Y. Supp. 369, 371.

*Smith* v. *Surman,* 9 B. & C. 561, has been relied upon as holding that an offer to sell is not evidence of acceptance and receipt, but there it was distinctly held that it did not appear that the seller had lost his lien for the price. And in *Jones* v. *Bank,* 29 Md. 287, where the goods had not arrived at the place of delivery, it was held that resale of, or offer to sell, goods of the same character was neither an acceptance, nor receipt. *Clarkson* v. *Noble,* 2 U. C. Q. B. 361, which holds that an offer to sell is not such dealing with the goods as to constitute acceptance, is based wholly upon the authority of *Smith* v. *Surman,* ubi supra. And it has been held that an offer by the purchaser to sell certain logs, which were to be manufactured into boards by the seller, was not a constructive receipt and acceptance but upon the ground that the original contract was one for the sale of boards and not of logs: *Gorham* v. *Fisher,* 30 Vt. 428, 431.

In reason we fail to distinguish between a sale and an offer to sell. There is no difference in so far as the act of the alleged purchaser is concerned. He does no more than offer the goods in either case. Whether, when he has made the offer, his offer becomes a sale in fact depends upon the action of a party who bears no relation to the parties, inter se, to the original alleged sale. In either case his act is equally an assertion of ownership.

We conclude that upon the uncontradicted evidence we must find such an acceptance and receipt of the hay as satisfies the requirements of the statute of frauds and that plaintiffs are entitled to recover of defendant the sum of eighty-five dollars and sixty-three cents ($85.63) with interest from the date of the writ, there being no evidence as to the date of demand made by plaintiffs upon defendant before suit brought.

> *Let judgment be entered for the plaintiffs for the sum of $85.63 with interest from the date of the writ.*