Hillsborough, }
Feb. 3, 1920. }

## Silas A. Birdsong & a. v. E. M. Slayton Company.

A contract for No. 1 quality Bayo beans called for beans of good quality, although Bayos are not graded by the trade; and a shipment of unmerchantable beans was not a compliance with the contract.

Assumpsit, for the price of a carload of beans. Trial by jury and verdict for the defendant. It appeared in evidence that prior to April 6, 1917, the defendant, through its manager, E. M. Slayton, had purchased Chilean beans, known as Bayos, from the plaintiffs and had insisted upon and received a high grade of goods. On that day he wrote them: "If you have No. 1 quality of Bayos to offer from the new crop, write or wire us." May 2, they replied that the old crop was exhausted but that they could offer him up to fifty tons from the May – June shipment. He replied May 3, "Book twenty tons Bayos for us." There was further correspondence, relating to quantity and price. On June 25 the plaintiffs wrote that they were shipping the beans and mailing samples and that the quality was "very fine."

The beans were not well cleaned, containing about seven per cent of waste, and were mixed with other beans. A witness who examined them testified that they were not merchantable. The defendant wrote refusing to accept the beans because they were of poor quality, mixed with other beans, not like the sample and not salable for A No. 1 Bayos.

Chilean beans are not graded for market. That is, there is no quotation of No. 1, No. 2 etc. Bayo beans.

The plaintiffs' motion for a directed verdict was denied, subject to exception. Transferred from the January term, 1919, of the superior court by *Branch*, J.

*James A. Broderick* (by brief and orally), for the plaintiffs.

*Taggart, Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the defendant.

Peaslee, J. The plaintiffs base their claim for a directed verdict upon the proposition that the evidence showed there are no grades of Bayo beans known to the trade, that there was no warranty that

the beans sold should equal previous shipments, or the sample sent to the defendant, and that as the defendant formally objected upon these grounds only it cannot, now that suit has been brought, change its defence and base its refusal to accept upon the ground that the beans were not merchantable. The authorities upon this question are conflicting. 23 R. C. L. 1435. It is not necessary however to consider the soundness of the legal proposition thus advanced, for the evidence shows the defendant's original objection to the goods to be couched in substantially the same language as the original offer to purchase, which was the basis of the contract of sale; and there was also evidence that the objection was well founded in fact.

In the defendant's letter of April 6, inquiry is made for "No. 1 quality of Bayos." Assuming that the trade do not grade Bayo beans, this letter calls for beans of good quality. There is nothing in the later correspondence to show an abandonment of this proposition. When the goods were offered for delivery they were refused because they were not No. 1 Bayo beans. This being the same description of the goods used in the original letter of inquiry, it states a sufficient reason for refusing to accept the beans, if the quality was as claimed by the defendant. As before suggested, if "No. 1 quality of Bayos" has no trade meaning, in the sense that the goods are graded and sold as No. 1, No. 2 etc., it plainly means that the purchaser under such a designation is at least entitled to a good merchantable product. Whatever the exact shade of meaning may be, it cannot be more favorable to the plaintiff than that the beans should be of merchantable quality. Benj. Sales, ss. 983, 989. There was evidence in this case that the beans were dirty and mixed with other beans, and one witness testified that they were not merchantable. If this evidence was believed, the defendant was entitled to reject the shipment, because it did not comply with the contract for "No. 1 quality of Bayos."

*Exception overruled.*

All concurred.