Coös,  }
Oct. 3, 1922. }

## WILLIAM CROWLEY *v.* WILBUR A. MARSHALL.

In order to satisfy the statute of frauds by acceptance and actual receipt of the whole or a part of the goods sold, there must be evidence sufficient to justify a finding that the buyer came into the possession of the goods, and that he assented to the proposition that they were goods he had purchased under the contract in question.

Whether there has been such acceptance and receipt is a question of fact, but whether there is any evidence from which the facts can be found is a matter of law. Evidence that the vendee told the vendor what he must do to make the property acceptable to the vendee is not sufficient to warrant a finding of actual receipt.

The mere fact that inferences must be drawn before the essential fact of actual receipt is established, does not show that the situation is an equivocal one within the meaning of the rule. If there are surrounding facts tending to establish the reasonableness of one conclusion rather than another, the evidence is sufficient to call for its submission to the judgment of the trier of facts.

A finding for the plaintiff upon the issue of acceptance and receipt of a part of the goods bargained for, does not settle the amount to be recovered, or cut off other defences upon the merits of the case.

ASSUMPSIT, for the purchase price of 108 cords of pulp wood. Plea, the statute of frauds.

The plaintiff's evidence tended to prove that he made an oral bargain to sell the wood to the defendant. A part of it was newly cut and in the rough and was to be delivered at some suitable place upon the bank of the Connecticut river. After this wood was drawn, a dispute arose over its quality, the defendant claiming that it included wood not of the quality purchased. After some negotiations, the defendant sent one Blaisdell to show the plaintiff what the defendant objected to. Blaisdell marked some of the objectionable wood and told the plaintiff to repile the good wood nearer the river, to leave the piles three feet apart, so that the scaler could pass between them, and to leave the poor wood where it was. The plaintiff repiled it according to the instructions given. A part of the wood was thereafter carried away by a freshet, and the defendant requested the plaintiff to pick it up, offered to loan him tools for the purpose, and said he would not pay for the wood unless this was done. The plaintiff did nothing further.

The balance of the wood had been peeled, and when the bargain was made the defendant told the plaintiff he did not know whether

he should want it delivered at the river or at Parsons' siding. Later, he directed that it be delivered at the siding, and the plaintiff drew it there. At a still later date the defendant asked the plaintiff to draw this wood from the siding to the river bank. The plaintiff agreed to do this, but was unable to because the intervening meadows were then too soft to be used as roads.

The defendant's motion for a nonsuit was granted by *Sawyer,* J., who transferred the case from the December term, 1921, of the superior court.

*Sullivan & Daley* (*Mr. Sullivan* orally), for the plaintiff.

*Shurtleff, Oakes & Hinkley* (*Mr. Oakes* orally), for the defendant.

PEASLEE, J. In order to satisfy the statute (P. S., c. 215, s. 3) by acceptance and actual receipt of the whole or a part of the goods sold, there must be evidence sufficient to justify a finding that the buyer came into the possession of the goods, and that he assented to the proposition that they were goods he had purchased under the contract in question. *Kelsea* v. *Haines*, 41 N. H. 246, 252. Whether there has been such acceptance and receipt is a question of fact, but whether there is any evidence from which the facts can be found is matter of law. *Standard Wall Paper Co.* v. *Towns*, 72 N. H. 324, 325, and cases cited.

In the present case two separate transactions are relied upon, and it is claimed that either is sufficient to take the case out of the statute. One of these relates to dealing with the rough or unpeeled wood, which was drawn to the river bank. As to this, it appeared that it was not sorted as it should have been, but included a considerable quantity of wood that was not of the quality purchased. Marshall inspected it after it was drawn, and refused to accept it for this and other reasons. Thereafter, at Crowley's request, Marshall sent his representative to show what must be done to make the wood acceptable. The agent marked some of the objectionable wood and told Crowley to pile the good wood over nearer the river, to have the piles three feet apart, and leave the rejected wood where it was. Crowley complied with these directions. There is here no sufficient evidence of an acceptance. The most that can be said is that the vendee told the vendor what he must do in order to make the wood acceptable to the vendee. The separation of the wood

purchased from the whole lot still remained to be done. When the goods are still to be selected from a mass there is no acceptance. *Warren* v. *Buckminster*, 24 N. H. 336. "Such fact will generally be conclusive that there was no acceptance so as to bind the parties." *Prescott* v. *Locke*, 51 N. H. 94, 102.

The claim that this aspect of the case comes within the reasoning in *Small* v. *Stevens*, 65 N. H. 209, cannot be sustained. In that case the wood sold was separated from any other, and the only thing remaining to be done was to measure it to ascertain the quantity. Cases where something remains to be done "to define the subject matter" are specifically excepted from the scope of that decision. *Ib.*, 211.

After the events above narrated had occurred, a part of the wood was carried away by a freshet, and it is claimed that Marshall's conduct in reference to that situation shows an acceptance. According to Crowley's testimony, Marshall asked him to pick the wood up, and refused to pay for it unless this was done. It is manifest that there is nothing in this to show any assent by Marshall that the wood was his. On the contrary, there is an implied assertion on his part that the wood was still at Crowley's risk.

The other transaction relied upon relates to the part of the wood which had been cut and peeled the previous summer. When the original bargain was made Marshall said he did not know whether he would want this delivered at the river bank or at Parsons' siding. Crowley testified that Marshall thereafter directed that it be delivered at the siding, and this was done. Still later, Marshall asked Crowley to move it to the river bank, which Crowley promised to do. The question thus presented is whether there is here any sufficient evidence that Marshall treated the wood as his property and exercised dominion over it. If there is, a finding of acceptance on his part would be warranted. *Pinkham* v. *Mattox*, 53 N. H. 600, 604. If, on the other hand, it was merely a request that Crowley make a further or different delivery it does not show an acceptance and receipt.

"The rule in this jurisdiction . . . is that where receipt and acceptance are alone relied upon to satisfy the terms of the statute, they must be proved by clear and unequivocal acts on the part of the buyer." *Hill* v. *Dodge, ante*, 381, and cases cited.

The mere fact that inferences must be drawn before the essential fact is established, does not show that the situation is an equivocal one within the meaning of the rule quoted above. If there are sur-

rounding facts tending to establish the reasonableness of one conclusion rather than another, the evidence is sufficient to call for its submission to the judgment of the trier of facts. Thus in *Small* v. *Stevens*, 65 N. H. 209, acceptance was allowed to be inferred as a fact from the purchaser's examination of the wood delivered, and his failure to make objection to it. In *Standard Wall Paper Co.* v. *Towns, supra*, the defendant had promised to look the goods over again and if they were not right return them, and thereafter kept them two weeks. The inference of acceptance in fact was held to be legitimate. In *Clark* v. *Labreche*, 63 N. H. 397, the question was whether an acceptance should be implied as matter of law from facts stated, and the discussion relates to that proposition. "When the facts and intentions of the parties are ascertained, it is for the court to decide whether by law they constitute an acceptance; but if they are disputed, it is a question for the jury, whether there has been a delivery and acceptance in point of fact; and their finding that there was an acceptance, puts an end to the question of law." *Shepherd* v. *Pressey*, 32 N. H. 49, 56, 57. "Very delicate and troublesome questions may thus be raised; but it is plain they are questions of fact to be determined by the jury." *Pinkham* v. *Mattox, supra*, 605.

Whatever equivocal element there is in the present situation arises solely from the uncertainty as to the inference to be drawn from the acts of the purchaser. Viewing the plaintiff's testimony in the light most favorable to him, he had completed his part of the contract as to the peeled wood when he delivered it at the siding. As it is put in the brief: "His dealing with the wood there ended and that of the defendant began." Although the defendant was called as a witness by the plaintiff, and testified quite fully as to their entire dealings, he did not deny the correctness of the plaintiff's version of this particular transaction. In this situation it was a matter of fact for the jury to determine whether the defendant intended by his conduct and words to accept the peeled wood, treat it as his own and exercise dominion over it. *Standard Wall Paper Co.* v. *Towns, supra*, 326, and cases cited. If it were so found, all doubt as to the legal situation of the parties would be removed, and the plaintiff would be entitled to a verdict on this issue. *Beedy* v. *Company*, 108 Me. 200.

The fact that there was no talk as to compensation for moving the wood from the siding to the river, tends to the conclusion that the defendant claimed that there had not been a delivery accord-

ing to the contract. But it is not conclusive of that question, especially in view of the defendant's failure to so testify. In short, the evidence presents a plain question for the jury. *Boucher* v. *Larochelle*, 74 N. H. 433.

The conclusion that there was sufficient evidence of acceptance and receipt does not conflict with the decision in *Hill* v. *Dodge*, *ante*, 381. In that case the question was whether the delivery by the seller, which must precede or accompany receipt by the buyer, could be accomplished by mere words, when the property was and continued to be in the custody of the seller. In the present case, there was actual manual tradition of the property in pursuance of the agreement. The vendor delivered it at the place indicated by the purchaser. This having been done, the facts remaining to be proved in order to satisfy the statute all relate to the mental attitude of the buyer. While this mental state is often proved by physical acts, those acts are important not because they are physical, but because they tend to prove the mental state. "Acts of ownership by the buyer are nothing more than evidence (generally very strong and conclusive) of acceptance." *Pinkham* v. *Mattox*, *supra*, 606. The fact that the buyer received goods of which a physical transfer and delivery had been made, and assented to the proposition that they were his goods, may be proved by his conduct "without in any way discriminating between acts of doing, and acts of saying." Bro., St. Fr. 433, *note* 1.

Whether under the circumstances of this case verbal admissions by the vendee made after the delivery of the property would be evidence upon the issue here involved (*Garfield* v. *Paris*, 96 U. S. 557) need not be considered. The language relied upon was not a mere admission, but an act of ownership. It was as truly an act of dealing with the property as moving the wood from one place to another.

While there was sufficient evidence to take the question of acceptance to the jury, the state of the proof is not such as to sustain the plaintiff's claim to recover as matter of law. The essential fact remains to be found.

It is perhaps unnecessary to add that a finding for the plaintiff upon the issue of acceptance and receipt of a part of the goods bargained for would not settle the amount to be recovered, or cut off other defences upon the merits of the case. "The statute does not mean that the thing which is to dispense with the writing is to take the place of all the terms of the contract, but that the acceptance is

to establish the broad fact of the relation of buyer and seller."
25 R. C. L. 624.

*Exception sustained: new trial.*

All concurred.