Hillsborough, }
June 2, 1925. }

### SOLOMON TAMKIN *v.* NELSON-DOWLING COAL COMPANY.

A warranty is not an essential part of a contract of sale.

Ordinarily, the thing delivered under a contract of sale must answer the description of it in the contract.

Any words or conduct showing that it was the intention of the parties to an oral contract that the buyer should take the goods as they were will prevent a warranty from being implied.

When there is a conflict of evidence as to the meaning of the trade name of a commodity, the question is one of fact for the jury.

Acceptance by a vendee is a question of fact, of which retention of possession may not be conclusive.

When a plaintiff might prosecute a greater and a less claim for breach of a contract of sale, he can elect to waive the lesser one.

ASSUMPSIT. The declaration alleges a breach of warranty of quality or kind in a sale of two carloads of washery coal, and

a rescission for this cause, and claims as damages money paid on account of the price, freight charges, etc. The defendant claimed the balance of the purchase price as a set-off. Trial by jury and verdict for the plaintiff.

Transferred by *Sawyer*, J., upon the defendant's exceptions to the charge and to a refusal to give requested instructions.

*Mount & Davis* (of Massachusetts) and *Maurice F. Devine* (*Mr. Devine* orally), for the plaintiff.

*McLane & Davis* (*Mr. McLane* orally), for the defendant.

PEASLEE, C. J. This suit involves the rights of parties to a sale of washery coal. The subject matter of the contract is a refuse product, not ordinarily used or salable, but salvaged, sold and used in times of fuel shortage. It was at such a time that the sale in question was made. The negotiations were oral, and the parties differ as to what was said. The plaintiff claimed a contract for "good washery coal," while the defendant's manager testified that he told the plaintiff he had never seen the coal, that he had to buy it without any guaranty, and was offering it for sale in the same way.

The jury were instructed that unless the commodity delivered was washery coal, the plaintiff had the right to refuse to accept it. This charge could be justified only upon the hypothesis that the evidence was conclusive that the defendant undertook to deliver such coal. The so-called implied warranty of quality or kind is limited by the terms of the agreement. It is not an essential part of a contract of sale.

"The fundamental undertaking is, that the article offered or delivered shall answer the description of it contained in the contract. That rule comprises all others; they are adaptations of it to particular kinds of contracts of purchase and sale. . . . The governing principle, therefore, is that the thing offered and delivered under a contract of purchase and sale must answer the description of it which is contained in the words of the contract, or which would be so contained if the contract were accurately drawn out." *Randall* v. *Newson*, 2 Q. B. Div. 102, 109. "It is impossible to criticise the soundness of this reasoning." *Rollins &c. Company* v. *Company*, 73 N. H. 92, 97.

"There is no doubt that the parties may by express provision in

the contract relieve the seller from liability on any warranty, which might otherwise be imported into the sale, of conformity in kind to the words of description." 24 R. C. L. 173.

"It must be possible, however, to sell unmerchantable goods even if the seller is a dealer or manufacturer and though the buyer does not inspect the goods or his inspection in the nature of the case can reveal nothing because the defects are latent. The ordinary way to do this is for the seller expressly to state that the buyer must take the goods as they are. Any words or conduct tending to show that this was the intention of the parties will prevent a warranty from being implied. The common illustration of this principle is where the seller expressly refuses to give any warranty or any warranty except such as may be expressed in the contract. . . . And a statement by the seller that he has no personal knowledge of the article sold also precludes reliance by the buyer on the seller's judgment." Williston, Sales, s. 239.

Applying this rule to the case in hand, it is apparent that the defendant was entitled to have the jury pass upon the aspect of the case made by the evidence. The testimony was to the effect that there was no agreement as to either quality or kind. If this evidence was believed, it would support a finding that the plaintiff bought what the defendant had theretofore contracted for, and that the coal bought was delivered. If these facts were found it would follow that the defendant fulfilled its contract. It was entitled to have this phase of the case passed upon by the jury.

The plaintiff contends that this objection is not now open to the defendant, because it was not seasonably taken and because it conflicts with the defendant's requests for instructions. It is not necessary to pass upon this question. The verdict must be set aside for another reason, and this phase of the situation is not likely to be presented at another trial.

The case was submitted upon the theory that there was a sale by description and a warranty that the commodity would answer to the terms of the sale. *Birdsong* v. *Company*, 79 N. H. 364. The description claimed was "washery coal." There was evidence pro and con as to what this commodity is. Instead of leaving to the jury the question what, on the evidence, would comply with this trade term, the presiding justice laid down the requisites as matter of law.

The charge defines washery coal as a substance capable of use as fuel in and of itself. This restricted the definition within too narrow

limits. There was evidence that washery coal is usually mixed with a better quality before using and that at the time of the sale there was a market for washery coal like the samples shown. Upon this evidence it could be found that a commodity answered the trade name in question, even though it required the addition of a more combustible substance in order to make it usable as fuel. Because of this error, the verdict must be set aside.

The plaintiff places much stress upon the testimony of the defendant's manager that he sold the coal as fuel, and to be resold as fuel. But this does not exclude the proposition that an admixture of better fuel was contemplated, or might be necessary.

The defendant claimed a directed verdict upon the ground that the plaintiff accepted the coal with full knowledge of its quality. This request was rightly denied. The question is one of fact, and although the dealing with the coal by the plaintiff strongly tends to show an acceptance, yet the plaintiff's testimony that he was sick at the time and did not know what was being done or the exact quality of the coal, and that he called up the defendant and was requested to go on "and everything would be all right," made an issue for the jury. *Crowley* v. *Marshall*, 80 N. H. 442.

The defendant also objected to the refusal of the court to submit to the jury the question of the plaintiff's right to recover for a breach of warranty, if there was no rescission. The plaintiff did not claim a recovery upon this ground. He sought to avoid the sale. It is not perceived how any right of the defendant was infringed by this limitation of the plaintiff's cause of action. As the case was presented by the plaintiff and submitted to the jury, the defendant was entitled to a verdict unless there was a rescission. The defendant was not harmed by the plaintiff's refusal to prosecute an alternative and lesser claim against it.

*New trial.*

All concurred.