Datasec v. Lockheed                    CV-95-604-B    04/17/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Datasec Corporation**

    **v.**                                      Civil No. 95-604-B

**Lockheed Aircraft Service, Co.**


**O R D E R**


Datasec Corporation ("Datasec") claims that Lockheed Aircraft Service, Co. ("Lockheed") breached a contract to pay for computer equipment worth $54,493. Lockheed acknowledges that it received certain computer equipment from Datasec, but denies that it agreed to pay for the equipment. Lockheed argues in its motion for summary judgment that Datasec cannot produce sufficient evidence to support its contract claim. It also argues that Datasec's contract claim is barred by the statute of frauds. For the reasons that follow, I determine that both arguments are unavailing.


**I.  STANDARD**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A "material issue" is one that "affect[s] the outcome of the suit . . . ." Id. at 248. I view the record in the light most favorable to the non-moving party, according the nonmovant all beneficial inferences discernable from the evidence. Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).

## II.  DISCUSSION

Lockheed first argues that it is entitled to summary judgment because no reasonable jury could conclude from the evidence that Lockheed ever agreed to pay for the computers. Datasec responds by producing an affidavit from John Hope, president of Datasec, who asserts that Lockheed's representatives met with him in December 1990 and agreed to pay for the computers unless they were returned at the end of a two-week evaluation

period.  Since it is undisputed that Lockheed kept the computers for many months, Datasec claims that it has a triable contract claim.  I agree.

Lockheed next argues that even if a reasonable jury could find that it contracted to pay for the computers, it is entitled to summary judgment because the statute of frauds, RSA 382-A:2-201 (1994), prevents Datasec from enforcing the agreement.[1]  I reject this argument.  New Hampshire's statute of frauds provides an exception for goods which have been received and accepted.  Like the existence of a contract itself, whether goods have been

---

[1]  Rule 8(c) of the Federal Rules of Civil Procedure requires a party to set forth all affirmative defenses in a responsive pleading.  "A defendant who fails to assert an affirmative defense . . . acts at his peril," and may be found to have waived his right to assert the defense.  Williams v. Ashland Eng'g Co. Inc., 45 F.3d 588, 593 (1st Cir.), cert. denied, 116 S. Ct. 51 (1995).  In determining whether a party's failure to assert an affirmative defense constitutes a waiver of that defense, the court must make a practical assessment as to whether Rule 8(c)'s core purpose -- "to act as a safeguard against surprise and unfair prejudice," id. -- has been violated.  However, if prejudice does not exist, a court may and should liberally allow amendments to the pleadings under Fed. R. Civ. P. 15(a).

Lockheed's answer did not list the statute of frauds as an affirmative defense.  However, Datasec has responded to Lockheed's statute of frauds claim on its merits rather than claiming that the defense had been waived.  Accordingly, I deem Lockheed's answer to be amended to assert a statute of frauds defense.

received and accepted is a question of fact.  See <u>Crowley v.</u>
<u>Marshall</u>, 80 N.H. 442, 443 (1922)(pre-UCC statute of frauds case
construing receipt and acceptance).  It is undisputed in this
case that Lockheed received the computers and a genuine dispute
exists as to whether Lockheed accepted the goods.  Accordingly,
Lockheed is not entitled to summary judgment on its statute of
frauds defense.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, I deny Lockheed's motion for
summary judgment (document no. 17).[2]

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 17 , 1997

cc:     William E. Aivalikles, Esq.
        William D. Pandolph, Esq.

_____

[2]  I have not considered Datasec's unjust enrichment claim.
The Magistrate Judge denied as untimely Datasec's motion to amend
the complaint to add a quantum meruit claim.  Therefore,
Datasec's arguments in its objection to summary judgment on this
point are irrelevant.